Casa Di Sardi, Inc. et al., Appellants, *v.* Alpha Motors, Inc.

Argued September 17, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Cercone, and Spaeth, JJ. (Spaulding, J., absent.)

*Daniel H. Shertzer,* for appellants.

*R. Nuffort,* with him *William A. Atlee, Jr.,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the order of the Court of Common Pleas, Civil Division, of Lancaster County, sustaining preliminary objections in the nature of a demurrer.

The plaintiffs-appellants, Casa Di Sardi, Inc., and Marchilio Sardi and Donna Sardi, filed a complaint in trespass, a suit described as being for malicious prosecution, against the defendants-appellees, Alpha Motors, Inc., t/d/b/a Eastern Equipment Leasing Company.

The plaintiffs raise the same questions that were raised in a Petition to Open Judgment involving the same parties and ending in an appeal before this Court which ended in a per curiam decision on the ground that the matter had become moot. *Eastern Equipment Leasing Company v. Casa DiSardi, Inc.,* 221 Pa. Superior Ct. 803 (1972). Although the plaintiffs describe their action as malicious prosecution, it should be characterized as malicious use of civil process.

The cause of the action arises out of the entry and execution of a judgment entered against the plaintiffs by the defendants by virtue of a judgment note in the

usual form with a power of attorney. The parties had entered into a contract for the delivery of certain items for an agreed price. The plaintiffs gave the judgment note in payment and later on stopped making the contracted payments on the ground of failure of consideration. The defendants then entered the judgment and issued execution. The plaintiffs then filed a Petition to Open Judgment and staying the execution. On December 16, 1970, the petition was denied, the stay revoked and the sale of property took place.

The plaintiffs appealed from the denial of the petition to open and on the day of argument in this Court, the defendants advised the Court that the judgment was satisfied. On May 30, 1972, this Court remitted the record to Lancaster County and dismissed the appeal as moot on May 18, 1972.

The plaintiffs contend that they never had their day in Court regarding the allegation of failure of consideration but this action seems to be a round-about-way of proceeding. The defendants feel that the whole matter had already been decided and that they waived their day in Court as to failure to consideration when they executed the judgment note.

This action must lie under one of three causes of action: (1) abuse of process: this is the use of legal process whether civil or criminal to accomplish a purpose for which it was not designed. The tort is concerned with the perversion of the legal process once it is instituted. We cannot see how the facts in this case in any way involve this tort. 29 P.L.E. 546. (2) Malicious use of process: this is the employment of civil or criminal process maliciously. This malicious use of civil process has to do with the wrongful initiation of such process after it is effected. 29 P.L.E. §8, 546. (3) Malicious prosecution: this tort can be either civil or criminal and deals with the wrongful institution of process. 23 P.L.E. 282.

In order to support a cause of malicious use of process or malicious prosecution, three elements must be present:

(1) The legal process must have been used with malice and not in good faith;

(2) The legal process must have been used without probable cause to believe that the party could succeed; and

(3) The determination of the original action must have ended favorably to the plaintiffs in the action.

The first two elements go to motive and not to hard facts. Thus, when the plaintiffs allege malice and the defendants deny it an issue of fact arises. However, considering the circumstances here it is difficult to conceive how these elements could be proven.

It is the third element that raises the real issue as the plaintiffs alleged that the original proceeding ended in their favor while the defendants contend that the demurrer was properly granted denying the opening of the judgment and permitting execution. In effect, the defendants contend that the matter is res judicata. *Jones v. Costlow*, 354 Pa. 245, 47 A. 2d 259 (1946). See also, *Greenburg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A. 2d 576 (1967).

There is no doubt that the defendants' initiation of legal process below did interfere with property of the plaintiffs because as a result property was sold. But how can it be argued that the original proceeding ended favorably for the plaintiffs when the petition to open was denied, the property sold and their appeal to this Court dismissed?

While it may be true that the plaintiffs alleged failure of consideration has never been heard on the merits, the reason why it was not heard was the execution of the judgment note in satisfaction of the claim. The action of malicious misuse of process seems to be

the wrong way to assert it. This is an attempt at re-litigation.

The order of the court below is affirmed.

SPAETH, J., concurs in the result.