455 A.2d 119

**DIETRICH INDUSTRIES, INC., Appellant,**

**v.**

**David ABRAMS, Esquire.**

Superior Court of Pennsylvania.

Submitted April 12, 1982.

Filed Dec. 30, 1982.

Maurice A. Nernberg, Pittsburgh, for appellant.

David Abrams, Monroeville, appellee, in pro. per.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellant filed a complaint against appellee, Attorney David Abrams, who represented Jonnet Corporation in a series of legal actions against appellant. In its five-count complaint, appellant alleges malicious use of process and/or abuse of process with respect to three separate actions instituted by appellee. Preliminary objections and demurrers to each count were filed and sustained by the trial court and the complaint was dismissed without leave to amend. This appeal followed.[1]

To properly analyze appellant's claims, it is necessary to outline the procedural history of the three actions in question. These actions were filed by appellee's client in response to two lawsuits filed by appellant. Appellant's lawsuits, which were later consolidated for trial, attempted

---

1. When the lower court sustains a demurrer, dismisses the complaint and denies leave to amend, the Order is final and appealable. *Brown v. Kleinfelter,* 267 Pa.Super. 144, 406 A.2d 560 (1979). *Otto v. American Mutual Insurance Company,* 482 Pa. 202, 393 A.2d 450 (1978).

to break a lease agreement between appellant as lessee and Jonnet as lessor.[2] In the first action challenged herein, Jonnet confessed judgment in the amount of $158,626.00 based upon appellant's default of the lease. Contemporaneously, Jonnet procured a Writ of Execution, which was served upon Mellon Bank as garnishee. A stay of said judgment and all other proceedings subsequently was entered and, two years later, the judgment was stricken.

The second proceeding which appellant attacks involved an action in receivership against appellant. Said action was predicated upon the judgment which had been confessed and upon which the stay order had been issued. The receivership action was eventually dismissed.

The third action was directed against Mellon Bank, N.A., and was allegedly an attempt to secure privileged information about appellant in contravention of the stay order which barred further discovery. A protective order was issued to Mellon Bank, N.A., and the venture at discovery was eventually *non prossed*.

Appellant's complaint alleged in five counts:

(1) That appellee caused the receivership action to be initiated while he was aware that insufficient grounds existed to sustain said action;

(2) That appellee caused a Writ of Execution to be served and instituted garnishment proceedings against appellant's financial institution, Mellon Bank, N.A., while he was aware that insufficient grounds existed to sustain said action;

(3) That appellee caused an action in equity to be filed against Mellon Bank, N.A., to obtain confidential information about appellant in violation of both the National Banking Act and the stay entered by the trial judge.

---

**2.** At trial, Jonnet was awarded a sum of $25,663.42 in a directed verdict against appellant. That judgment is the subject of a separate appeal before this Court at Nos. 13, 1222, 1223, 1224, and 1225 Pittsburgh, 1980.

(4) That appellee caused a judgment to be improperly confessed against appellant; and

(5) That appellee knowingly filed untrue responses to interrogatories and pretrial statements indicating his client's losses were significantly higher than they were so as to acquire a greater lien on appellant's property.

Appellant contends that the above actions were instituted for reasons other than as set forth in the pleadings, *inter alia*, to create great distress, inconvenience, and expense in defending against these actions so as to force appellant to pay amounts which were the subject of other litigation.

Appellee filed preliminary objections to the above complaint, contending that the complaint failed to set forth: (1) that he acted other than as counsel for Jonnet, and (2) elements of a cause of action for trespass. The trial court found that appellant's complaint attempted to set forth several causes of action for malicious use of process. However, that court ruled that the complaint failed to allege the required elements of that cause of action and consequently was fatally flawed.

Appellant asserts in this appeal that the lower court erred in improperly sustaining appellee's demurrers. In the alternative, appellant argues that it should have been permitted to amend its complaint.

■ The tort known as malicious use of process [3] is often confused with another tort of a deceptively similar name, abuse of process. Abuse of process occurs when the legal process is utilized for some unlawful purpose, and not for which it was intended. *Triester v. 191 Tenants Ass'n.*, 272 Pa.Super. 271, 279, 415 A.2d 698, 702 (1979); *DiSante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977); *Casa DiSardi, Inc. v. Alpha Motors, Inc.*, 227 Pa.Super. 415, 323 A.2d 288 (1974); *Morphy v. Shipley*, 351 Pa. 425, 41 A.2d 671 (1945). Malicious use of process is a separate

---

**3.** This cause of action is known as malicious prosecution when it is founded upon wrongfully instituted criminal proceedings.

and distinct tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. *Triester v. 191 Tenants Ass'n.*, supra; *Dumont Television & Radio Corp. v. Franklin Electric Co.*, 397 Pa. 274, 154 A.2d 585 (1959).

 In order to successfully pursue a cause of action for malicious use of process: (1) a party must obtain a favorable termination of the wrongfully instituted action, *DeSalle v. Penn Central Transportation Co.*, 263 Pa.Super. 485, 398 A.2d 680 (1979); (2) the legal process must have been used with malice and without probable cause, *DeSalle v. Penn Central Transportation Co.*, supra; *Hugee v. Pennsylvania Railroad Co.*, 376 Pa. 286, 101 A.2d 740 (1954); *Simpson v. Montgomery Ward Co.*, 354 Pa. 87, 46 A.2d 674 (1946); and (3) a seizure of property or, if the underlying action were a criminal prosecution, an arrest of the person must have occurred,[4] *Blumenfeld v. R.M. Shoemaker Co.*, 286 Pa.Super. 540, 429 A.2d 654 (1981); *Triester v. 191 Tenants Ass'n.*, supra; *Garcia v. Wall & Ochs, Inc.*,

---

**4.** This final requirement to sustain a cause of action for malicious use of process was specifically abrogated by the legislation in 42 Pa.C.S.A. § 8351. That statute provides:

**Wrongful use of civil proceedings**

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

1980, Dec. 19, P.L. 1296, No. 232, § 1, effective in 60 days. This statute was promulgated subsequent to the accrual of the cause of action in the case at bar. Consequently, appellant must still establish the element of seizure of property to support its claim. *Blumenfeld v. R.M. Shoemaker Co.*, 286 Pa.Super. 540, 429 A.2d 654 (1981).

256 Pa.Super. 74, 389 A.2d 607 (1978); *DeLeo v. Munley,* 261 Pa.Super. 90, 395 A.2d 957 (1978).

■ As the reviewing court of an order sustaining preliminary objections in the nature of a demurrer to a complaint, we are required to view the allegations in appellant's complaint as true and accord them all inferences reasonably deducible therefrom. *Interstate Traveller Services, Inc. v. Commonwealth, Department of Environmental Resources,* 486 Pa. 536, 406 A.2d 1020 (1979); *Zelik v. Daily News Publishing Co.,* 288 Pa.Super. 277, 431 A.2d 1046 (1981); *Higbee Corp. v. Kennedy,* 286 Pa.Super. 101, 428 A.2d 592 (1981).

■ In so doing, we are inclined to agree with the trial court that appellant has failed to meet the requirements of an action for malicious use of process. Appellant is correct in its belief that appellee is not invulnerable to allegations merely because he was counsel to the party of record. An attorney who knowingly prosecutes a groundless action to accomplish a malicious purpose may be held accountable in an action for malicious use of process. See *Adelman v. Rosenbaum,* 133 Pa.Super. 386, 3 A.2d 15 (1938); *Haggerty v. Moyerman,* 321 Pa. 555, 184 A. 654 (1936); *Sachs v. Levy,* 216 F.Supp. 44 (E.D.Pa.1963). However, a close scrutiny of appellant's complaint reveals that appellant has simply failed to state a claim upon which relief can be granted.

With respect to the first action, the Writ of Execution issued subsequent to the confession of judgment, appellant argues that said writ and subsequent garnishment proceedings instituted against its funds in Mellon Bank, N.A., constituted a seizure.[5] Appellant contends that this attach-

5. Appellant also alleges that the preliminary objections failed to assert that the complaint lacked a seizure of property as required by a cause of action for malicious use of process. Appellant argues that the trial court raised this issue on its own motion. However, appellant misreads the preliminary objections which clearly state under paragraph 8:

ment of its funds provided the requisite seizure to support an action of malicious use of process. The trial court ruled as a matter of law that appellant's claim of interference with its property was insufficient to satisfy this criterion for malicious use of process. We must disagree.

■ A Writ of Execution was served upon Mellon Bank, N.A., as garnishee of appellant's funds therein. Service of the writ upon the garnishee operates to attach all property of the defendant which is in the possession of the garnishee.[6] Such an action constitutes constructive seizure of appellant's property.

In *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 32 A.2d 413 (1943), the Supreme Court held that an action for maliciously causing judgments to be entered on judgment notes would not lie where the defendants stopped with entry of judgments and took no further action against plaintiff's property. We also refused to allow recovery for malicious use of process in *Roberts v. Gibson*, 214 Pa.Super. 220, 251 A.2d 799 (1969), when appellant therein alleged malicious use of process by appellee for charging him with certain violations of the Real Estate Brokers License Act of 1929, 63 P.S. § 431 et seq. A review of appellant's complaint in that case uncovered "no allegations that [appellant's] property was seized by attachment or otherwise, or even that his license was suspended pending disposition of the charges against him." Id., 214 Pa.Super. at 224, 251 A.2d at 801–802.

> "The mere filing of a lawsuit, however, malicious or unfounded, cannot be made the ground for an action for damages if property is not seized."

Thus, the trial court addressed this issue as it was properly raised in appellee's preliminary objections.

6. Pa.R.C.P. 3111(b) provides:
> "Service of the writ upon the garnishee shall attach all property of the defendant which may be attached under these rules which is in the possession of the garnishee. It shall also attach all property of the defendant which may be attached under these rules and which comes into the garnishee's possession thereafter until judgment against him even though no such property of the defendant was in his possession at the time of service."

However, in the case at bar, appellee did not stop at the entry of a judgment. Instead, appellant suffered interference with its property when appellee caused the Writ of Execution to be served upon Mellon Bank, N.A. Consequently, the requisite element of seizure was present.

Nonetheless, appellant will not prevail because its complaint was deficient in another regard. Appellant failed to prove in Count II of its complaint that appellee acted without probable cause.[7] Appellant only states that "the action was without foundation and without cause." It is true that issues of "[m]alice, intent, knowledge, and other conditions of mind may be averred generally", according to Pa.R.C.P. 1019(b). Consequently, the existence of probable cause would only need to be averred generally in a complaint. However, "[w]hat constitutes probable cause and whether it exists under an admitted or clearly established set of facts are questions of law for the court to determine." *Morphy v. Shipley*, supra, 351 Pa. at 431, 41 A.2d at 674. See also, *Byers v. Ward*, 368 Pa. 416, 421, 84 A.2d 307, 310 (1951). When sufficient material facts operate to disprove the averment of want of probable cause, the cause of action must fail. Such is the situation presently before us.

Appellant does not deny that the Writ of Execution was based upon a lease agreement which it was attempting to have declared null and void. In light of appellant's conduct, appellee did have probable cause to believe that the confession of judgment and Writ of Execution were necessary steps to be taken to zealously defend his client's interests. With the exception of its allegations, appellant's complaint lacks any evidence that appellee acted without probable cause.

7. Although the trial judge dismissed this claim for failing to prove the seizure element for malicious use of process, we can affirm his decision on any basis. *Lobianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981); *Woodward Heating & Air Conditioning Co. v. American Arbitration Association*, 259 Pa.Super. 460, 393 A.2d 917 (1978).

Moreover, the fact that the judgment upon which execution was issued was ultimately striken does not prove lack of probable cause. Nor does it serve to characterize the execution as illegal. As stated above, the Writ of Execution was regularly issued upon a valid judgment. Not only does appellant not show want of probable cause, but its averments and proof establish the contrary. See *Morphy v. Shipley,* supra.

■ Appellant next contends that its complaint stated a statutory cause of action for wrongly instituting a receivership action. Insolvency proceedings in Pennsylvania are subject to statutory requirements as found in 39 P.S. § 1 et seq. Section 34 provides:

"Any person, without foundation, maliciously invoking the action of the court under this section shall be liable for a sum equal to double the injury actually sustained by the alleged insolvent."

Reading the allegations in appellant's complaint as true and according them all reasonable inferences, we must again rule that the preliminary objections were properly sustained. Appellant does not deny that the judgment which had been confessed was still valid on its face during the time period in which appellee caused the receivership action to be initiated. Therefore, appellee cannot be accused of acting without foundation.

Here, appellant's statutory claim requires that appellee's action be without foundation. The existence of the confessed judgment serves as evidence of probable cause for the receivership action, regardless of the fact that the receivership was later dismissed as meritless. Thus, this claim is likewise devoid of merit.

Appellant also argues that appellee is liable for abuse of process by initiating the receivership action in the face of a court-ordered stay. As stated previously, an action for abuse of process lies in those instances where the legal process is utilized for some purpose other than that for which it was intended. In *Triester v. 191 Tenants Ass'n.,* supra, an example of an abuse of process was outlined as

"the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon." Id., 272 Pa.Super. at 279, 415 A.2d at 702. Thus, the original action is somehow perverted so as to achieve an unrelated result.

■ It is obvious that an application of the above law to the facts in this case simply does not generate a valid claim for abuse of process. By filing a petition for an appointment of a receiver, appellee was attempting to recover a debt owed to his client. The purpose which appellee sought to fulfill was exactly that purpose for which the insolvency proceedings were intended. If appellee's actions violated the lower court's order, it is the duty of the lower court to seek redress for conduct which it believes to be contumacious. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968).

Appellant next contends that appellee committed abuse of process when he confessed judgment in a sum greatly in excess of that actually recovered by his client at trial. The illegal purpose which appellee attempted to accomplish, according to appellant, was to maintain as large a lien as possible against appellant's property. Again, we must uphold the trial court's characterization of this count as an attempted cause of action for malicious use of process, and not a cause of action for abuse of process. To establish a cause of action for abuse of process:

> " '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' Prosser, Torts § 100, at 669 (2d ed. 1955)."

*Di Sante v. Russ Financial Company,* supra 251 Pa.Super. at 189, 380 A.2d at 441. Appellant does not contend that the amount upon which judgment was confessed was not the amount agreed upon in the cognovit clause of the lease

agreement. Clearly, then, appellee's objective in confessing judgment was a legitimate use of process.

Appellant's argument likewise will not sustain an action for malicious use of process. As we have reiterated above, this contention fails because appellee acted with probable cause by confessing judgment on a lease agreement to which appellant admittedly was a party. That the judgment was eventually striken cannot be viewed in isolation from the fact that, at trial on the lease agreement, appellee's client was awarded a sum in excess of $20,000.

Finally, appellant argues that the court below erred in failing to permit an amendment of the complaint. Pa.R.C.P. 1028(c) grants a party the right to "file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections." Appellant chose not to take advantage of this right and file an amended pleading. It is true that a liberal right of amendment is afforded all litigants pursuant to Pa.R.C.P. 1033, and concededly, appellant sought leave to amend its complaint in a timely fashion. If there exists a reasonable possibility that a cause of action may be stated, the right to amend will not be withheld. *Mace v. Senior Adult Activities Center of Montgomery County*, 282 Pa.Super. 566, 423 A.2d 390 (1980). Concomitantly, if it is apparent that a defective complaint cannot be cured, the proper response is a dismissal of the action. The Supreme Court observed:

"liberality of pleading does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established."

*Behrend v. Yellow Cab Company*, 441 Pa. 105, 110, 271 A.2d 241, 243 (1970); *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974).

A review of the pleadings in the case at bar convinces us that further attempts by appellant to establish a cause of action against appellee would be unavailing. Appellant's complaint is not fraught with minor defects or technical errors subject to easy amendment. Rather, appellant has

admitted material facts which bar future efforts at any claims upon appellee with respect to the actions discussed herein.

Order affirmed.