473 A.2d 1017

**Paul S. SHAFFER, Appellant,**

**v.**

**Robert STEWART and Liverant, Senft and Cohen.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed March 2, 1984.

Allen H. Smith, York, for appellant.

Albert G. Blakey, York, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

May an attorney who, without probable cause, files a caveat to the probate of a will for the sole purpose of "extracting an unwarranted settlement" be sued for malicious use of process after he and his client have agreed to a dismissal of the caveat? The trial court held that such actions could not be maintained because there had been no seizure of property. Therefore, it sustained preliminary objections in the nature of a demurrer to the complaint and entered judgment in favor of the attorney. This appeal followed. We reverse.

Richard F. Buser died August 17, 1981, leaving a will and several codicils which purported to name Paul S. Shaffer as executor and principal beneficiary. When Shaffer presented the will and codicils for probate he found that Robert Stewart, Esquire, had filed a caveat with the Register of

Wills on behalf of several named persons.[1] These persons were neither heirs of the decedent nor testamentary beneficiaries "under any colorably valid [w]ill" and, therefore, lacked standing. On or about September 29, 1981, Walter D. Fisher, who did have standing to challenge probate of the decedent's will, joined the caveat previously filed by Stewart. Thereafter, Stewart and his clients agreed that the clients' interest in the will contest should be dismissed; and the proceedings continued on behalf of Fisher alone. Stewart's filing of the initial caveat, according to the averments of the amended complaint filed by Shaffer, was done "without reasonable or probable cause" and "maliciously and in utter disregard of the Plaintiff's rights, and with a design and purpose of causing undue delay in the administration of the Estate of Richard F. Buser and with a view toward extracting an unwarranted settlement from the Plaintiff."

██ Malicious use of process is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. *Dietrich Industries, Inc. v. Abrams*, 309 Pa.Super. 202, 208, 455 A.2d 119, 122 (1982). See also: *Dumont Television and Radio Corp. v. Franklin Electric Co.*, 397 Pa. 274, 279–280, 154 A.2d 585, 587–588 (1959); *Morphy v. Shipley*, 351 Pa. 425, 429, 41 A.2d 671, 673–674 (1945); *Triester v. 191 Tenants Association*, 272 Pa.Super. 271, 279, 415 A.2d 698, 703 (1979). It must be distinguished from the separate and distinct tort of abuse of process which occurs when the legal process is utilized for some unlawful purpose, not one for which it was intended. In other words, it is a perversion of legal process. *Dumont Television and Radio Corp. v. Franklin Electric Co., supra; Dietrich Industries, Inc. v. Abrams, supra; Triester v. 191 Tenants Association, supra.* A cause of action

---

1. The amended complaint contains an averment that Stewart was acting as agent for the law firm of Liverant, Senft and Cohen. This was sufficient to state a cause of action based on vicarious liability. See: 2A Anderson, Pennsylvania Civil Practice § 1019.35. For purposes of simple reference, however, the opinion will refer to Robert Stewart as defendant and appellee.

for abuse of process requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ... [;] there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Di Sante v. Russ Financial Co.*, 251 Pa.Super. 184, 189, 380 A.2d 439, 441 (1977), quoting Prosser, Torts § 100 at 669 (2d ed. 1955). See also: *Junod v. Bader*, 312 Pa.Super. 92, 96–7, 458 A.2d 251, 253 (1983).

■ In the instant case, the averments of the amended complaint are that the caveat was filed maliciously and without probable cause in the hope of effecting a settlement on behalf of persons having no legally recognizable claim. Although appellant argues that he has causes of action for malicious use and abuse of process, it is readily apparent that if he has a cause of action, that cause can only be for malicious use of civil process. His complaint does not allege a cause of action for abuse of process.[2] See and compare: *Dumont Television and Radio Corp. v. Franklin Electric Co., supra* (malicious use of process if defendant filed involuntary bankruptcy petition against bankrupt to prevent plaintiff from collecting on recently acquired judgment when defendant was not a creditor of the bankrupt); *Triester v. 191 Tenants Association, supra* (malicious use of process where equity action instituted without probable cause for purpose of delaying conversion to condominiums).

■ The tort of malicious use of process has been codified at 42 Pa.C.S. §§ 8351–8354. This statute, which became

2. Although appellant's complaint also contains an averment that Stewart allied himself with Fisher's counsel in pursuing the caveat on behalf of Fisher, Fisher's claim has not been adjudicated and, in any event, Stewart cannot be liable for abuse of process because of legal assistance rendered to a legitimate claimant. In such a situation, the attorney has done no more than attempt to "carry out the process to its authorized conclusion," regardless of what his motives in doing so may have been. See: *Dietrich Industries, Inc. v. Abrams, supra*, 309 Pa.Superior Ct. at 212, 455 A.2d at 125.

effective February 17, 1981 and is applicable to causes of action accruing thereafter,[3] provides as follows:

"§ 8351  *Wrongful use of civil proceedings*

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this Subchapter."

It is apparent from a reading of this statute that the legislature has abolished the English rule which was followed in Pennsylvania for many years and which held that an action for malicious use of process could not be maintained in the absence of a seizure of the plaintiff's person or property. In order to recover under the statutory cause of action, three essential elements must be proved: "(1) that the underlying proceedings terminated favorably to the [plaintiff]; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) malice." *Junod v. Bader, supra,* 312 Pa.Superior Ct. at 95, 458 A.2d at 253.

The law in Pennsylvania has thus been brought into conformity with the Restatement (Second) of Torts § 674. With respect to the liability of an attorney for the wrongful use of civil process, the Restatement suggests in comment d:

**3.** See: Act of December 19, 1980, P.L. 1296, No. 232, § 2, 42 Pa.C.S.A. § 8351.

"An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action (see § 675); and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See § 676). An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.

If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person."

■ In the instant case, the reason given by the trial court for sustaining preliminary objections, i.e., that the complaint failed to contain an averment that appellant's property had been seized, was erroneous. The trial court's assignment of an invalid reason for sustaining preliminary objections in the nature of a demurrer to the complaint, however, does not relieve this court from its responsibility to determine whether the averments of the complaint nevertheless state a cause of action. When we review the complaint for this purpose, we are required to accept as true all well-pleaded facts in the complaint, as well as all inferences reasonably deducible therefrom, *Graham v. Today's Spirit,* 503 Pa. 52, 55 n. 1, 468 A.2d 454, 456 n. 1 (1983); *Vattimo v. Lower Bucks Hospital, Inc.,* 502 Pa. 241, 244, 465 A.2d 1231, 1232–1233 (1983); *Binswanger v. Levy,* 311 Pa.Super. 41, 43, 457 A.2d 103, 104 (1983); *Ace v. Argonaut Insurance Co.,* 307 Pa.Super. 200, 202, 452 A.2d

1384, 1385 (1982); but we are not required to accept the pleader's conclusions or averments of law. *Rose v. Wissinger,* 294 Pa.Super. 265, 270, 439 A.2d 1193, 1196 (1982); *Dominski v. Garrett,* 276 Pa.Super. 18, 23, 419 A.2d 73, 75 (1980).

The averments of the amended complaint are that Robert Stewart knew that the persons on whose behalf he filed a caveat had no standing to contest the probate of the decedent's will and that subsequently he agreed voluntarily to a dismissal of their claims. When the caveat was filed and prevented the immediate probate of the decedent's will, a civil proceeding had been instituted within the meaning and intent of the Pennsylvania statute. The purpose and effect of the caveat were to cause the Register of Wills to delay probate of an otherwise facially valid will until all "interested parties" had had a chance to be heard. See: 40 P.L.E. *Wills* § 177 (1961). The subsequent dismissal of the caveat with respect to Stewart's clients due to their lack of standing was a termination of the proceedings in favor of appellant. If, as appellant alleges, the caveat was filed maliciously and without probable cause and caused harm or injury, the attorney who filed the same can be made to respond in damages. See: Annot., 35 A.L.R.3d 651.

It remains to be determined whether appellant has adequately alleged that the filing of the caveat was done maliciously and for an improper purpose. The averment of the complaint is that Stewart acted to extract an unwarranted settlement from appellant. Does this aver an improper purpose for the caveat so as to render malicious the filing thereof? The answer can be found in the Restatement (Second) of Torts, § 676, where, in comment c, it is stated that civil proceedings are initiated for an improper purpose "when the proceedings are initiated for the purpose of forcing a settlement that has no relation to the merits of the claim. This occurs, for example when a plaintiff, knowing that there is no real chance of successful prosecution of a claim, brings a 'nuisance suit' upon it for the purpose of forcing the defendant to pay a sum of money in order to

avoid the financial and other burdens that a defense against it would put upon him." An allegation that a caveat to a will has been filed not for purposes of contesting the will but to extort a settlement in favor of disinterested parties states an improper purpose within the meaning of 42 Pa. C.S. § 8351.

A review of appellant's amended complaint discloses that he has alleged those facts which are essential to a cause of action for malicious use of process. Whether he can prove those facts and whether he sustained damage where, as here, the contest by improper parties was promptly withdrawn voluntarily and the contest was pursued by a proper party is not before us; and with respect to such matters we express no opinion.

Reversed and remanded. Jurisdiction is not retained.