Paula M. LESSARD, Plaintiff,

v.

JERSEY SHORE STATE BANK, et al., Defendants.

Civ. No. 87–0482.

United States District Court, M.D. Pennsylvania.

April 12, 1988.

Allen E. Ertel, Reed Smith Shaw & McClay, Williamsport, Pa., for plaintiff.

H. Woodruff Turner, Stephen H. Kaufman, Kirkpatrick & Jockhart, Pittsburgh, Pa., for Jersey Shore State Bank.

H. Robert Fiebach, Gary L. Leshko, Wolf, Block, Schorr, Solis–Cohen, Philadelphia, Pa., for Rieders, Travis, Mussina, Humphrey & Harris.

Joseph R. Musto, Williamsport, Pa., for Thomas D. Keivit & Kyle A. Keivit.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

Plaintiff, Paula M. Lessard, instituted the instant action on March 31, 1987. The basis of the action arises out of the formation and subsequent attempted dissolution of a corporation. On May 14, 1987 a motion to dismiss the complaint was filed by defendants, Rieders, Travis, Mussina, Humphrey & Harris, and Malcolm S. Mussina. On that date, a motion to dismiss, to strike or for a more definite statement was filed by defendants Thomas and Kyle Keivit. A motion of defendants Thomas and Kyle Keivit to dismiss the cross-claim of defendant Jersey Shore State Bank was filed on June 19, 1987. The appropriate briefs were filed by the parties and the matter is now ripe for disposition.

### I.

Defendants Rieders, Travis, Mussina, Humphrey & Harris and Malcolm S. Mussina motion to dismiss Count V of plaintiff's complaint.

On May 14, 1987 defendants Rieders, Travis, Mussina, Humphrey & Harris and Malcolm S. Mussina[1] filed a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6). The defendants assert that the only cause of action asserted against them is Count V, proceedings under 42 Pa.C.S.A. § 8351 and/or for abuse of process and that the complaint fails to state a cause of action.

The standard to be applied by this court in considering a motion to dismiss for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6) is clear. When a motion to dismiss is filed the court must accept the allegations in the plaintiff's complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Moreover, we can dismiss a complaint pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.*

42 Pa.C.S.A. § 8351 provides in pertinent part:

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

[1] He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

[2] The proceedings have terminated in favor of the person against whom they are brought.

Defendants assert that plaintiff cannot establish all of the required elements of a cause of action under 42 Pa.C.S.A. § 8351. Specifically, defendants argue that [1] plaintiff has no standing to maintain a 42 Pa.C.S.A. § 8351 claim against the defendants because she was not a party to the underlying state court proceeding; [2] plaintiff cannot prove that the proceeding in the state court "terminated in favor of the person against whom they were brought" since the temporary injunction was dissolved at the request of counsel for the Keivits when the reasons for the institution of the injunction became moot; and [3] that the allegations of plaintiff's complaint establish that the primary purpose of the emergency petition was to establish the Keivits' right to possession of the premises, which was an entirely proper use of legal process. Attached to defendants' motion and briefs are documents from the state court proceeding which form the underlying basis of plaintiff's claim. Defendants

---

1. A stipulation was filed by all counsel on November 20, 1987 that all claims against defendant Malcolm S. Mussina were withdrawn with prejudice. The stipulation was approved by the court on November 25, 1987.

request the court to take judicial notice of these documents. Plaintiff objects to defendants' request arguing that the court is precluded from considering these documents in ruling on the motion to dismiss.

We believe that it is appropriate for this court to consider in ruling on the instant motion to dismiss matters contained in the state court action which form the basis of plaintiff's claim and which is referred to in plaintiff's complaint.[2] The only way for this court to determine whether plaintiff could establish a § 8351 cause of action under any set of circumstances is to consider the pleadings and orders which were entered in the state court proceeding and which were attached as exhibits to defendants' motion to dismiss.[3] *See Pintozzi v. Scott,* 436 F.2d 375 (7th Cir.1970); *Iacaponi v. New Amsterdam Casualty Co.,* 379 F.2d 311 (3d Cir.1967).

A review of the state court documents indicates that on September 9, 1986 an "Emergency Petition" was filed in the Court of Common Pleas of Lycoming County in the name of QRP, Inc. All allegations in the petition were directed toward the conduct of plaintiff's father Paul Lessard and his operation of QRP, Inc. The allegations set forth in plaintiff's complaint in the instant action also affirm this fact.

Plaintiff argues that while the petition as filed did not refer to the instant plaintiff, Paula Lessard by name, the relief sought also affected the interests of Paula Lessard and, as such, she has standing to bring a claim under 42 Pa.C.S.A. § 8351. Plaintiff cites no case law in support of this proposition.

Defendants argue that the clear language of 42 Pa.C.S.A. § 8351 provides a cause of action only for persons who were parties to the prior civil proceeding and that Paula Lessard was not a party to the state court action. Defendants cite *Mintz v. Bur,* 6 Pa.D. & C.3d 779 (Montgomery County 1977), *aff'd per curiam,* 257 Pa.Super. 641, 390 A.2d 311 (1978).

After reviewing the documents surrounding the Lycoming County action in conjunction with the language of the statute, we agree with the defendants that Paula Lessard, the plaintiff herein, was not a party to the underlying state court action. Thus, she lacks the requisite standing and cannot set forth a cause of action under 42 Pa.C.S.A. § 8351.

■ However, even assuming arguendo that plaintiff's interest in QRP, Inc. gave her the requisite standing to bring an action under 42 Pa.C.S.A. § 8351, we believe that the motion to dismiss should be granted because plaintiff cannot meet a second element in the statute, namely, establishing that the underlying state court action terminated in her favor. On September 9, 1986, defendants filed an emergency petition in the Court of Common Pleas of Lycoming County.[4] In the petition, defendants requested possession of the QRP premises be granted to Kyle Keivit. This relief was partially granted by the court in that the court granted equal access and possession of the QRP premises to Thomas and Kyle Keivit and to plaintiff's father pending a hearing set for September 11, 1986.[5] At the hearing on September 12, 1986, the defendant asserted that based on the understanding that Paul Lessard was not interested in returning to QRP, the defendant requested the court to dissolve the injunction as moot. While an objection was made to any dismissal, the court determined that the only issue before it at the time was whether the preliminary injunction issued on September 9, 1986 should be continued, dissolved or modified.[6] The court upon petitioner's motion issued an

---

2. See Document 1, plaintiff's complaint, allegations 34–41, 69, which pleads the citation of the state court action, thus making it a matter not outside the pleading.

3. As an alternative, defendants request this court to consider the motion as one for summary judgment. However, because we believe it is appropriate for this court to consider the documents relating to the underlying state court action in a motion to dismiss, we will deny the alternative request.

4. *See* Document 29, Exhibit A.

5. *See* Document 29, Exhibit A.

6. *See* Document 29, Exhibit B, [N.T. 115–118.]

order dissolving the preliminary injunction.[7]

In addressing the favorable termination requirement, plaintiff relies heavily upon the case of *Robinson v. Robinson*, 362 Pa.Super. 568, 525 A.2d 367 (1987). While we agree with plaintiff that *Robinson* does not require favorable termination based upon the merits, we do not believe that plaintiff has met the favorable termination requirement to bring an action under 42 Pa.C.S.A. § 8351.

As pointed out above, defendants' emergency petition requested possession of the QRP premises be granted to Kyle Keivit. This relief was partially granted by the court in that the court granted equal access to the premises to the Keivits and plaintiff's father pending a hearing. At that hearing, after the defendants asserted an understanding that plaintiff's father, Paul Lessard, was not interested in returning to QRP, the defendant requested the court to dissolve the injunction as moot. The court issued an order dissolving the preliminary injunction.[8] We cannot find that the dissolution of the preliminary injunction upon motion is sufficient to constitute favorable termination on behalf of the instant plaintiff.

■ Count V of plaintiff's complaint also raises a claim for abuse of process. Abuse of process occurs when the legal process is utilized for some unlawful purpose, and not for which it was intended. *Dietrich Industries, Inc. v. Abrams*, 309 Pa.Super. 202, 455 A.2d 119 (1982). To state a cause of action for abuse of process under Pennsylvania law, a plaintiff must allege an arrest or seizure of his property through the use of legal process for a purpose other than that for which it is designed. *Denenberg v. Am. Family Corp. of Columbus, Ga.*, 566 F.Supp. 1242 (E.D.Pa.1983).

■ In applying the law to the facts of this case, this court cannot find that plaintiff can establish a valid claim for abuse of

process. Defendants' filing of the emergency petition for possession of the QRP premises and the court's granting of a preliminary injunction giving the defendant Keivits and plaintiff's father equal access and possession of the QRP premises, was the use of legal process for the purpose for which it was intended. Further, we again note that the emergency petition was directed toward plaintiff's father, who was given equal access and possession of the QRP premises. Thus, plaintiff did not even indirectly suffer a seizure of her property. Accordingly, we will grant defendants' motion to dismiss Count V of plaintiff's complaint as it applies to them.

## II.

*Motion to dismiss, to strike or for a more definite statement of defendants Thomas and Kyle Keivit.*

On May 14, 1987, defendants Thomas D. Keivit and Kyle A. Keivit filed a motion to dismiss, to strike or for a more definite statement as to Counts I, II, III, and V of plaintiff's complaint. Count I of plaintiff's complaint alleges a violation of the Securities Exchange Act of 1934; Count II alleges a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); Count III alleges a violation based on civil conspiracy; and Count V alleges a cause of action based on alleged wrongful use of civil proceedings and abuse of process.

As pointed out above, the standard to be applied by the court when considering a motion to dismiss for failure to state a claim is clear. When a motion to dismiss is filed, the court must accept the allegations in the plaintiff's complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Additionally, the court can dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.*

---

7. *See* Document 8, Exhibit C.

8. While it is true that plaintiff objected to the dismissal, raising collateral matters, the court determined that the only issue before it was

whether the preliminary injunction issued on September 9, 1986 should be continued, dissolved or modified. *See* Document 29, Exhibit B, N.T. 115–118.

■ As to Count I of plaintiff's complaint, defendants Keivit assert that Count I does not allege an unlawful scheme sufficient to sustain a cause of action under the Securities Exchange Act of 1934 and with sufficient detail to permit defendants to reasonably determine the precise conduct asserted against them. We cannot agree with defendants' assertions. We have reviewed plaintiff's complaint and in particular the allegations set forth in Count I. We believe that the allegations are sufficient to put the defendants on notice of the claims alleged against them. The complaint sets forth a course of conduct allegedly engaged in by defendants. We believe that any confusion on the part of the defendants regarding the plaintiff's claims may be removed through discovery. However, in the meantime, the complaint gives defendants "fair notice" of the nature of plaintiff's claim. *See In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 398 (E.D.Pa.1981). Accordingly, we will deny the defendants' motion to dismiss Count I of plaintiff's complaint, or in the alternative, for a more definite statement.

As to Count II of plaintiff's complaint, the defendants argue that plaintiff fails to allege a sufficient basis for sustaining an action based upon the Racketeer Influenced and Corrupt Organization Act (RICO) and has not stated the circumstances allegedly constituting fraud with particularity. While we agree with defendants that Count II of plaintiff's complaint could have been plead with more particularity, we believe that it is premature at this point to hold that no relief could be granted under any set of facts that could be proved consistent with the RICO allegations. Accordingly, defendants' motion to dismiss Count II of plaintiff's complaint will be denied.

■ Likewise, we believe it would be premature at this stage to dismiss Count III of plaintiff's complaint alleging a cause of action for civil conspiracy. While we might agree with defendants that Count III fails to state the circumstances surrounding the alleged fraud with particularity, the complaint gives defendants "fair notice" of the nature of plaintiff's claims. We believe that this is all that is required in light of the applicable pleading and discovery rules, which are liberal in nature. *In re Arthur Treacher's Franchise Litigation*, 92 F.R. D. 398 (E.D.Pa.1981).

Finally, defendants request this court to dismiss Count V of plaintiff's complaint setting forth a cause of action under 42 Pa.C.S.A. § 8351 and abuse of process. For the reasons outlined in Part I of this Opinion, the defendants' motion as to Count V will be granted.

### III.

Motion of defendants Thomas and Kyle Keivit to dismiss cross-claim.

On June 19, 1987, defendants Thomas and Kyle Keivit filed a motion to dismiss the cross-claim of plaintiff and a brief in support thereof. As noted above, while we agree with defendants that the plaintiff's allegations in the cross-claim are tenuous, we believe it would be premature to dismiss the cross-claim at this time. We believe that any confusion on the part of the defendants regarding the nature of plaintiff's claims may be removed through discovery. Accordingly, defendants' motion to dismiss the cross-claim will be denied.

### ORDER

NOW, THEREFORE, this 12 day of April, 1988, IT IS HEREBY ORDERED THAT:

[1] the motion of defendants Rieders, Travis, Mussina, Humphrey & Harris to dismiss Count V of plaintiff's complaint is granted;

[2] defendants Reiders, Travis, Mussina, Humphrey & Harris are dismissed from the instant action;

[3] the motion of defendants Thomas and Kyle Keivit to dismiss, to strike or for a more definite statement is denied as to Counts I, II, and III of plaintiff's complaint; the motion to dismiss is granted as to Count V of plaintiff's complaint;

[4] the motion of defendants Thomas and Kyle Keivit to dismiss plaintiff's cross-claim is denied; and

[5] the defendants Thomas and Kyle Keivit are allowed twenty [20] days from the date of this Order in which to file responsive pleadings.