## Gibbons v. Stremmel

*Richard K. Renn,* for plaintiff.
*Allen H. Smith,* for defendant.

CHRONISTER, *J.*, July 6, 1989 — This matter is before the court on cross motions for summary judgment filed by both plaintiff and defendant. This lawsuit arises from a criminal charge of theft filed by defendant Stremmel against plaintiff Gibbons. Plaintiff purchased $10 worth of gas at the Hess station operated by Stremmel. Due to an apparent failure of communication, the attendant filled the tank, which came to $16. When the attendant finished filling the tank, he came to plaintiff's car window, and she handed him $10. The attendant, apparently following a policy established by Stremmel, did not attempt to communicate to plaintiff the fact that the $10 was insufficient payment. (Because of the location of the gas station, there had been a frequent problem with customers attempting to get gas without making full payment.) In order to avoid problems for the attendants they were instructed not to make an issue of it. Instead, they were to take down the license number and Stremmel would then file a criminal charge.

Criminal charges were filed against plaintiff Gibbons in front of District Justice Becker. At the preliminary hearing the charges were dismissed. District Justice Becker also required plaintiff to pay the $6 balance due for the additional gasoline. Since the criminal charge was dismissed, there would appear to be no legal authority to order payment of the $6 in the criminal proceeding. However, plaintiff complied with the order.

Plaintiff has now brought suit for libel per se, malicious prosecution, abuse of process, the intentional infliction of emotional distress by instituting criminal charges to collect a civil debt, negligence, and punitive damages.

Plaintiff has conceded that, given the facts of this case and the law concerning libel and intentional

infliction of emotional distress, summary judgment in favor of defendant is appropriate as to them. Summary judgment is therefore granted to defendant on these counts.

With regard to abuse of process, defendant claims this count must be dismissed as a matter of law because the facts support only a malicious prosecution claim. We agree. Malicious abuse of process has to do with the wrongful initiation of such process, while abuse of process is concerned with a perversion of a process after it is issued. *McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020 (1987). The court must determine whether there has been a perversion of the legal process once it is instituted. *Casa DiSardi Inc. v. Alpha Motors Inc.*, 227 Pa. Super. 415, 323 A.2d 288 (1974). Plaintiff in this case alleges only that Stremmel wrongfully filed a criminal charge against her, not that he abused the process after he filed it. Hence, as a matter of law, there was no abuse of process, and this count must be dismissed.

In contrast, the tort of malicious use of process arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. *Shaffer v. Stewart*, 326 Pa. Super. 135, 473 A.2d 1017 (1984). This cause of action is known as malicious prosecution when it is founded upon wrongfully instituted criminal proceedings. *Deitrich Industries Inc. v. Abrams*, 309 Pa. Super. 202, 206, 455 A.2d 119, 122 (1982). In order to successfully pursue a cause of action for malicious use of process: (1) a party must obtain a favorable termination of the wrongfully instituted action; (2) the legal process must have been used with malice and without probable cause; and (3) a seizure of property or, if the underlying action were a criminal prosecution,

an arrest of the person must have occurred. *Id.* at 207, 455 A.2d at 122. (citations omitted)

Defendant claims that the malicious prosecution count should be dismissed because the underlying action did not terminate favorably to plaintiff, and there was probable cause to bring the action against her. Defendant's argument is that "the present case is somewhere between conviction and acquittal" because District Justice Becker ordered plaintiff Gibbons to pay $6, "discharged" her, and put the costs on the county. We disagree. The magistrate's notation of "not guilty" and costs upon the county are clearly a disposition favorable to plaintiff.

In the alternative, defendant claims that the complaint for malicious prosecution should be dismissed because probable cause was established when District Justice Becker overruled Attorney Renn's demurrer to the evidence; when plaintiff was ordered to pay $6; when costs were put on the county and not on defendant Stremmel; and when plaintiff Gibbons failed to appeal the decision and clear her name.

The absence of probable cause is an indispensable element in an action for malicious prosecution, and it is not conclusively established by an adjudication of innocence in a prior proceeding; if probable cause does exist, the motive of the prosecutor, whether malicious or not, is immaterial.

The court finds that lack of probable cause may be found in defendant Stremmel's testimony at the preliminary hearing:

A: The only thing I know is what Mark gave me of the information that this lady or gentleman, whoever the name was, did not pay the bill, and the only way we got is to turn the license plate in and collect our money. That's all I know.

Q: Do you have any information whatsoever that

led you to believe that she intentionally took the service of $16 worth of gas with the intent to steal that from you?

A: No. The only information I gave was what Mr. Baughman gave me.

District Justice Becker's overruling of a demurrer is procedurally confusing. Only a prima facie case is required to hold a charge for court, and the district justice must assume the commonwealth's testimony is true. Therefore to refuse the demurrer is the equivalent of finding a prima facie case. However, the defense then put on testimony, including the recall of Mr. Stremmel. The district justice then dismissed the charges. The ruling on the demurrer is then not a final ruling on the issue. The discharge of defendant is final, and is therefore controlling.

We note that the issue of malice has not been raised by defendant. However, as noted by plaintiff in her brief, malice may be inferred from lack of probable cause. *Wainauskis v. Howard Johnson Co.*, 339 Pa. Super. 266, 279, 488 A.2d 1117, 1123 (1985). (citations omitted) Plaintiff has made out a cause of action for malicious prosecution, and defendant's motion must be denied.

Defendant next claims that the negligence count must be dismissed because the law does not recognize a tort of negligent prosecution. Plaintiff responds that the negligence count is directed at two areas leading to the filing of the criminal complaint; the failure of defendant to conduct a reasonable investigation, and his failure to determine the proper method of collecting a civil debt.

Our review of the negligence case law has revealed no support for plaintiff's claim that a cause of action for negligent prosecution exists, and plaintiff has not directed our attention to any. Plaintiff in her brief has cited *Wainauskis v. Howard Johnson Co.*,

339 Pa. Super. 266, 488 A.2d 1117 (1985) to us, saying that court recognized the duty of one to conduct a reasonable investigation. While that is true, the *Wainauskis* court recognized that duty in an action for malicious prosecution.

The concept of negligence is only relevant in that the lack of probable cause necessary for the action may be based on negligently failing to investigate before filing the criminal charge. This does not establish the right to sue as a negligence theory per se.

Defendant's last argument is that the punitive damage claim for all counts should be dismissed because the facts of record do not establish conduct which rises to the level that a reasonable person could call outrageous. Defendant says punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment, citing *McDaniel v. Merck, Sharp & Dohme*, 367 Pa. Super. 600, 533 A.2d 436 (1987). Defendant says absent any evidence that plaintiff was singled out for special harassment, or that anything was done outside the normal legal channels, the punitive damage requests should be dismissed.

It seems quite clear from the record that defendant is alleged to have proceeded "outside the normal legal channels" in filing a criminal charge to collect a civil debt. Because of this, we are unable to say as a matter of law that a criminal complaint over a $6 misunderstanding could not be viewed as outrageous conduct. Defendant's motion on this issue is denied.

Plaintiff has also moved for summary judgment. Because of our rulings on defendant's motions, only the malicious prosecution and punitive damages claims remain. While plaintiff has clearly made out

a prima facie case of malicious prosecution, we cannot rule as a matter of law on the issue of malice. While malice can be inferred from lack of probable cause, we think it is a jury question and plaintiff's motion is therefore denied.

## ORDER

And now, July 6, 1989:

(1) Defendant's motion for summary judgment as to libel, intentional infliction of emotional distress, abuse of process, and negligence are granted.

(2) Defendant's motion for summary judgment as to malicious prosecution and punitive damages are denied.

(3) Plaintiff's motions for summary judgment are denied.