## Holtzman v. Holtzman

*John J. Krafsig,* for plaintiffs.
*John G. Milakovic,* for defendants.

SCHAFFNER, *J.*, February 25, 1991—This proceeding is before the court, a three-judge panel, as a result of the defendants' motion for judgment on the pleadings and a request for sanctions. The matter was presented to the court November 14, 1990. A brief history of this case, a related case and the parties is necessary to the understanding of our decision.

Defendants are the parents of Robert L. Holtzman Jr. and Mr. Holtzman is joined as plaintiff, in this case, by his wife. In 1976 Russell E. Rettinger, Gloria J. Holtzman's father, conveyed a tract of land to defendants in Jackson Township, Dauphin County, Pennsylvania. At approximately the same time, plaintiff Robert L. Holtzman Jr. moved a mobile home onto the tract of land his parents acquired from his grandfather, made the necessary site improvements to accommodate the mobile home, made other improvements to the land as well, and began to live in the mobile home where, to this date, he continues to reside. In 1986 plaintiff Robert L. Holtzman Jr. filed an equity action in this county seeking to impose a resulting trust on the land he occupied, referred to above, and to require, additionally, the defendants here to convey the real estate where he resided to him. Plaintiff Robert L. Holtzman Jr. was married to Lorraine Holtzman at the time these events occurred, but Mrs. Holtzman was not a party to the equity action. Similarly, in 1986, defendants here and to the earlier suit filed an answer with new matter and a counterclaim.[1] That

---

1. There is, however, no actual counterclaim; paragraphs 1 through 22 make up the "answer," and paragraphs 23 through 33, "new matter." Paragraph 34 is the only paragraph under "counterclaim" and it reads: "The averments set forth in paragraphs 1-34 [sic] of defendants are incorporated herein

proceeding went to hearings January 19, February 5, and March 29, 1988, and the adjudication and decree nisi were filed April 3, 1989, with a final decree filed April 14, 1989. No post-trial motions were filed to that proceeding and no appeal was taken. In that case, relief was denied plaintiff and the chancellor found, as well, pertinent to the answer of defendants, that there had been no oral lease between the parties. We have mentioned, here, that defendants filed an answer in the earlier suit and that document is important to us now because it is the basis of plaintiffs' current claim. In count I, the only count of the current complaint, plaintiffs have designated the proceeding as "complaint against defendants for wrongful use of civil proceedings." The civil proceeding that plaintiffs here refer to is the answer filed to the equity matter and, specifically, current plaintiffs' allegations that defendants in that proceeding asserted that there had been an oral lease between defendants and their plaintiff son for the real estate parcel upon which plaintiff and his wife have resided. In the complaint now before us, plaintiffs refer to the oral lease in paragraphs 23, 25, 34, and 40 and with specificity, as related to plaintiffs' claim, in paragraphs 45, 46, 47 and 49. Those latter paragraphs are reproduced here, verbatim, and the paragraphs define the precise claim that plaintiffs have made and brought before us.

"(45) That as a direct and proximate result of the gross negligence of the defendants to assert a lease defense, which they knew before said claim was asserted, was totally false and untrue, they took part in the procurement of a civil action which allegations were neither brought in good faith or reliance

---

as set forth again in full."

of the advice of counsel and was intended to prejudice the claim of the plaintiffs.

"(46) That as a direct result of this wrong use of civil proceedings, both plaintiffs have suffered considerable emotional distress, by reason of being placed in limbo, as to their situation of the property and improvements they have made for the last 11 years, and which has been on-going since April 3, 1989 for which they demand compensation for the mental anguish and suffering in a sum in excess of $10,000.

"(47) Had the said defendants not falsely and maliciously asserted a lease defense, the plaintiffs would have prevailed; the plaintiffs, in which no defense should have been asserted against them, further allege the present fair market value of the said real estate and improvements are in the sum of $43,500, for which they have lost and suffered the loss of the same, in the fair market value and for which demand is made for compensation additionally in that amount.

. . .

"(49) The actions and conduct of the defendants, and in particular the specific itemized matters set forth in the preceding paragraphs, as to the assertion of an absolute false claim and allegation of material facts they knew at the very outset to be untrue and false, constituted such outrageous and egregious conduct and was done willfully, maliciously and intentionally to injure and harm the plaintiffs, as to their right to secure the property in question, as to require the awarding of punitive damages in a sum in excess of $10,000."

These allegations focus on the answer filed in the earlier proceeding and the statement in that document that there was an oral lease. We reproduce

here the reference to oral lease in the answer in the 1986 case.

"(7) Denied. It is denied that the plaintiff moved his trailer onto the real estate in contemplation of any oral agreement regarding ownership of the property. To the contrary, the plaintiff was permitted by the defendants to move his trailer onto the real estate pursuant to an oral lease, the terms of which are more fully set forth in new matter."[2]

This referenced paragraph is the only assertion in the answer filed by the defendants in the equity proceeding that mentioned an oral lease. At the hearings before the chancellor, it was apparently defendants' position that they permitted their son to occupy a portion of their land, as they would have their other children, but it was a tenancy at will and their son paid no rent, paid no taxes, but did apparently pay for the cost of his own residence. At these hearings defendants denied in apparent contravention of paragraph 7 above, that there had been an oral lease between them and their son for this parcel.

It is against the above background that plaintiffs bring the present action and they apparently base it on section 8351 of the Judicial Code, 42 Pa.C.S. §8351, inasmuch as subparagraph (a) of that section provides as follows: "A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings." The complaint, paragraph 21, mirrors a portion of the language of this statute as the following excerpt from that paragraph reveals:

___

2. Under the "new matter" referred to, no mention is made of an oral lease and, in fact, Holtzman Jr.'s possession of the real estate is characterized, paragraph 31, as a tenancy at will.

"(21) That defendants, knowing all of the facts set forth in the preceding paragraphs, prior to December 19, 1986, in order to discredit the claim of the plaintiff, both *took part in the procurement, initiation and continuation of a civil proceeding,* to wit, an answer with new matter and counterclaim, which averment and alleged defense is hereinafter more specifically detailed in the subsequent paragraphs. . ." (emphasis supplied)

Section 8351 is a codification and modification of the common-law tort of malicious use of process. *Dietrich Industries Inc. v. Abrams,* 309 Pa. Super. 202, 455 A.2d 119 (1982). This statutory enactment moved Pennsylvania law into accord with the Restatement (Second) of Torts §674.

Defendants, as we have noted initially, filed a motion for judgment on the pleadings and that is the issue before us. Such a motion may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer and all of the opposing party's well-pled allegations are viewed and only those facts specifically admitted by him may be considered against him. A judgment on the pleadings may not be entered when there are unknown or disputed issues of fact. In reviewing such a motion, the court must confine its consideration to the facts set forth in the pleadings and relevant documents.[3] *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 276, 476 A.2d 1322 (1984); *Lyons v. Nationwide Insurance Co.,* 390 Pa. Super. 25, 567 A.2d 1101 (1989).

---

3. Included in the "relevant documents" are the answer filed in the 1986 equity proceeding and the adjudication filed in that case. Both of these documents are attached to the present complaint and incorporated into its terms.

Defendants suggest to us that the doctrines of res judicata and collateral estoppel bar the present plaintiffs' claim. We will not reach those questions, but decide the matter solely on evaluating the plaintiffs' complaint against its statutory authority, 42 Pa.C.S. §8351. In order to be successful under this statutory cause of action, four essential elements must be proved:

(1) The present defendant, the person accused of perfidy in the earlier suit, did procure or initiate or continue a civil proceeding against another in the earlier case.

(2) That the underlying proceedings were ended in favor of the party claiming, in the present case, the wrongful use of process:

(3) That the party bringing the former claim had it instituted without probable cause; and

(4) The former claimant acted with malice. *Shaffer v. Stewart,* 326 Pa. Super. 135, 473 A.2d 1017 (1984).

An examination of the pleadings in the present case reveals only Holtzman Jr.'s proceeding. No matter to what excesses Holtzman Jr. now goes to characterize the harm done him by his parents' paragraph 7 in the 1986 answer (such as paragraph 47: "Had the said defendants not falsely and maliciously asserted a lease defense, the plaintiffs would have prevailed;. . ."[4]) defendants in the earlier suit simply filed an answer to a specific paragraph in the complaint against them. Giving plaintiffs the benefit of everything that we are directed to afford them, considering the motion for judgment on the pleadings, we find that plaintiffs have failed to state a

_____
4. This is not an accurate reference as the chancellor found that no oral lease existed and, nevertheless, denied the 1986 plaintiff relief.

cause of action. The premise for our decision is simply that defendants here did not procure, initiate or continue a civil action against their son in the earlier case. They simply answered his complaint as they were required to do by our rules of Civil Procedure.[5] No cases have been cited to us in which an allegation of fact in an answer has been the basis of a claim for malicious use of process. The whole concept of the common-law tort and of the statutory provision in the Judicial Code is to furnish a cause of action enabling a party to bring to civil justice an earlier litigant who egregiously misused legal process to effectuate some private motive.[6] If plaintiffs' position before us was correct, incalculable numbers of actual responses set forth in the paragraphs of a civil action "answer," which the trier of fact ultimately declined to support would be grounds for suit under this section of the Judicial Code. Neither case law, statutory construction or common sense permit such a holding.

Defendants in this case have sought sanctions from us, as we have mentioned above. We deny that request.

Accordingly, we enter the following

## ORDER

And now, February 25, 1991, judgment is granted, on the pleadings, for defendants, and the complaint in this proceeding is dismissed. Defendants' request for sanctions is denied.

---

5. Rules of Civil Procedure 1029(b) and 1037(b) put at extreme legal risk a defendant who fails to answer an appropriately filed and served complaint.

6. See Prosser and Keaton on the Law of Torts, 5th ed., §120 (1984).