Brandon KUHN, a Minor, By Stephanie KUHN and Michael Kuhn, His Guardians, and Stephanie Kuhn and Michael Kuhn in Their Own Right, Appellants,

v.

CHAMBERSBURG HOSPITAL and Michael Grossberg, M.D., Appellees.

Superior Court of Pennsylvania.

Filed Sept. 24, 1999.

Reargument Denied Dec. 1, 1999.

Neil J. Rovner, Harrisburg, for appellants.

Francis E. Marshall, Camp Hill, for appellees.

Before KELLY, MUSMANNO and SCHILLER, JJ.

PER CURIAM:

¶ 1 Appellants, the Kuhns, have appealed from the order of the Franklin County Court of Common Pleas, which granted summary judgment ·in favor of Appellee, Chambersburg Hospital. Chambersburg Hospital has filed a motion to quash the appeal as interlocutory and unappealable, pursuant to Pa.R.A.P. 341. For the reasons that follow, we quash this appeal.

¶ 2 The instant action was initiated by Stephanie and Michael Kuhn on behalf of their son, Brandon Kuhn, to recover for injuries allegedly sustained as a result of the alleged negligence of Chambersburg Hospital and Dr. Michael Grossberg. On December 31, 1992, the Kuhns took 13–month old Brandon to the emergency room of Chambersburg Hospital for treatment of a high fever and seizures. Dr. Grossberg was the pediatrician on call. Prior to Dr. Grossberg's arrival, the emergency room physician repeatedly attempted to stop the seizures by administering medicine intravenously. The physician was unable to insert an adequate intravenous line in Brandon until Dr. Grossberg arrived approximately one hour after the Kuhns entered the emergency room. Brandon's seizures lasted for approximately two hours.

¶ 3 In their complaint, the Kuhns claimed that the emergency room staff was negligent due to their inability to insert a

successful intravenous line. They argue that this negligence, in conjunction with Dr. Grossberg's tardiness, prolonged Brandon's seizures, worsening the injuries suffered. The Kuhns alleged that Brandon was a normal, healthy infant before this episode. Following the seizures, his speech development regressed and he began to exhibit symptoms of Pervasive Development Disorder.

¶ 4 To prove the hospital's negligence, the Kuhns attempted to introduce the expert testimony of Dr. Richard Bonaforte. After an *in camera* hearing, the trial court excluded Dr. Bonaforte's testimony because he was not a qualified expert in emergency room medicine. The trial court granted Chambersburg Hospital's motion for summary judgment. The trial against Dr. Grossberg subsequently resulted in a hung jury. The Kuhns filed the instant appeal from the order granting summary judgment in favor of Chambersburg Hospital.

¶ 5 Generally, an order is not final for purposes of an appeal unless the order dismisses all claims against all parties, is defined as final by statute, or includes an express determination that an immediate appeal will facilitate resolution of the entire case. Pa.R.A.P. 341(b), (c). Rule 341, *Note*, provides a partial list of orders previously considered final and appealable as of right. These orders are no longer appealable as of right, absent an express determination by the trial court that an immediate appeal would facilitate the resolution of the entire case, and a final order pursuant to Rule 341(c). Included in that list is: (4) an order dismissing an action as to less than all the...defendants but leaving pending the action as to the other...defendants. *Id.* Thus, the order on appeal in the instant case is not appealable as of right because the order concludes the case only as to Chambersburg Hospital. The matter is still pending against Dr. Grossberg. Moreover, this order is not appealable by statute and there has been no determination or certification of finality pursuant to Pa.R.A.P. 341(c).

¶ 6 In response to the motion to quash, the Kuhns argue that the fact that there was a hung jury against Dr. Grossberg should render the order granting summary judgment for the Hospital appealable as of right. We disagree.

¶ 7 Currently, there is no case law that specifically applies Rule 341 to situations where a trial has resulted in a hung jury as to one of several defendants. Nevertheless, we analogize to existing case law and conclude that Rule 341 bars an immediate appeal under the circumstances of the present case. *See Yon v. Yarus*, 700 A.2d 545 (Pa.Super.1997) (holding order granting mistrial in civil matter is interlocutory and unappealable).

¶ 8 Moreover, the fact that an appeal involving Dr. Grossberg may be delayed does not allow the Kuhns to file an appeal as of right from the order entering summary judgment in favor of the Hospital. In *Prelude, Inc. v. Jorcyk*, 695 A.2d 422 (Pa.Super.1997) (*en banc*), this Court quashed an appeal from an order dismissing claims against three of five defendants under circumstances where the action against the two remaining defendants had been stayed by federal bankruptcy law. The Court explained that the Rule 341(c) "option [was] designed to be exclusive as the provision concludes 'in the absence of (an order of finality) (the partial disposition) shall not constitute a final order.'" *Id.* at 424 (emphasis in the original). The Court held that appellants' failure to achieve an "express determination" under [Rule] 341(c) was fatal to the Court's jurisdiction for that appeal. *Id.*

¶ 9 Similarly, we hold that an order granting summary judgment in favor of one defendant is not a final appealable order as of right, even in circumstances where the action against the remaining defendant results in a hung jury. Here, the Kuhns could have requested Rule 341(c) certification and, in the event such

certification was denied, they could have filed a petition for review pursuant to Chapter 15 of the Rules of Appellate Procedure. *See* Pa.R.A.P. 341(c)(4). In the absence of an appropriate order under Rule 341(c) and/or permission from this Court under Chapter 15 of the Rules of Appellate Procedure, the Kuhns' appeal must be quashed.

¶ 10 Appeal quashed.