**DAIMLERCHRYSLER CORP., Plaintiff,**

v.

**William ASKINAZI, Greitzer & Locks, and Brian Lipscomb, Defendants.**

**No. CIV.A. 99–5581.**

United States District Court, E.D. Pennsylvania.

April 5, 2001.

---

**3.** These allegations are outlined in the Background section of this Opinion, and will not be recounted here.

Abraham C. Reich, Theodore H. Jobes, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, Charles A. Newman, Jerome H. Block, Bryan Cave, LLP, St. Louis, MO, Kathy A. Wiseniewski, St. Louis, MO, R. Jeffrey Harris, Bryan Cave, LLP, Kansas City, MO, for plaintiff.

Kristine M. Maciolek, H. Robert Fiebach, Cozen & O'Connor, Philadelphia, PA, for William F. Askinazi, defendant.

John H. Lewis, Jr., David, D. Langfitt, Montgomery, McCracken Walker & Rhoads, LLP, Philadelphia, PA, for Greitzer & Locks, defendant.

Peter F. Vaira, John E. Riley, William J. Murray, Jr., Vaira, Backstrom, Riley & Smith, Philadelphia, PA, for Brian Lipscomb, defendant.

### MEMORANDUM AND ORDER

YOHN, District Judge.

Plaintiff DaimlerChrysler Corp. ["DaimlerChrysler"] filed a claim for wrongful use of civil proceedings under 42 Pa. Cons. Stat. § 8351 ["Dragonetti action"] against defendants William Askinazi and Greitzer & Locks ["G & L"] [collectively, "the lawyers"], as well as defendant Brian Lipscomb ["class representative"]. DaimlerChrysler's suit stems from a class action in which DaimlerChrysler, Ford Motor Co., General Motors Corp., and Saturn Corp. ["class action defendants"] were named as defendants. This class action was filed by the lawyers on behalf of the class representative and all others similarly situated. Pending before the court are Greitzer & Locks, William F. Askinazi and Brian

Lipscomb's [together, "defendants"] Motion for Judgment on the Pleading's (Doc. No. 105), and DaimlerChrysler's Motion for Summary Judgment on the issue of termination (Doc. No. 113). Because no genuine issue of material fact exists regarding the issue of termination, this court finds as a matter of law that the class action was terminated with respect to DaimlerChrysler for the purposes of plaintiff's Dragonetti action. Accordingly, plaintiff's motion for summary judgment on the issue of termination will be granted and defendants' motion for judgment on the pleadings will be denied.

## I. *Background*

The complaint contains the following allegations. In June 1999, the lawyers filed a class action complaint ["*Lipscomb*"] against the class action defendants in the Court of Common Pleas of Philadelphia County on behalf of the class representative and all others similarly situated. *See* Compl. (Doc. No. 1) at ¶ 11. At its core, the *Lipscomb* complaint claimed that the seat recliner mechanisms were defective in certain vehicles manufactured by the class action defendants. *See id.* The *Lipscomb* complaint contained seven counts but failed to allege that the class representative owned a DaimlerChrysler vehicle with an allegedly defective mechanism, had any contact with DaimlerChrysler, or suffered any damages that were caused by DaimlerChrysler. *See id.* at ¶ 13. Indeed, the class representative had never owned a DaimlerChrysler car with an allegedly defective mechanism. *See id.*

Regarding the termination issue, the following material facts are not disputed. On October 20, 1999, the state court held a hearing in the *Lipscomb* matter. *See* DaimlerChrysler Corp.'s App. of Exs. to Mot. for Summ. J. at Ex. F. At this hearing, the *Lipscomb* plaintiff's counsel requested

"leave to file an amended complaint which would address the issue of standing of the representative plaintiffs which was brought up by defense counsel when we were here last before Your Honor." *Id.* Ex. F. at 2–3. Plaintiff's counsel then conceded that at that time, there were no representative class plaintiffs who owned vehicles manufactured by either DaimlerChrysler or Ford. *See id.* Ex. F at 3. The representative plaintiff, Brian Lipscomb, owned a General Motors vehicle, a Geo Prism. *See id.* Ex. F at 4. As such, plaintiff's counsel requested "leave to file an amended complaint with respect to only the General Motors and perhaps the Saturn defendant, but not naming the other two defendants [DaimlerChrysler and Ford] as parties to the case." *Id.* Ex. F at 3. Counsel for both Ford and DaimlerChrysler then moved to dismiss the complaint "as it stands" with prejudice. *See id.* Ex. F at 3–4. The court stated that it intended to "dismiss as to both of those defendants with prejudice as to Mr. Lipscomb, not to anyone else who would therefore have a right to file a suit if they owned the appropriate vehicle. And I will grant you leave to file an amended complaint." *Id.* Ex. F at 4. Pursuant to the hearing, the court issued the following order:

AND NOW, this 20th day of October, 1999, it is hereby ORDER ED that the claim brought by Brian Lipscomb, individually, is dismissed as to Ford Motor Company and DaimlerChrysler Corporation with prejudice. Further, Plaintiff is hereby given leave to file an amended complaint.

*Id.* at Ex. G. Finally, at the end of that hearing plaintiff's counsel sought to clarify that the court had not ruled on the conspiracy claim. *See id.* Ex. F at 6. The court responded, "In reality it has not in this case," and later stated that, "I am not ruling on that particular issue at the mo-

ment and it could be raised at a subsequent time." *Id.*

On December 6, 1999, Lipscomb's counsel filed a First Amended Class Action Complaint wherein plaintiff named only General Motors as a defendant. *See id.* at Ex. H. Moreover, the amended complaint did not include the conspiracy count that was alleged in the original complaint. *See generally id.*

On April 19, 2000, the class action plaintiff moved the state court to vacate its October 20, 1999 order, or alternatively to modify the order so that the dismissal of DaimlerChrysler and Ford is "without prejudice." *See id.* at Ex. I. On May 4, 2000, the court denied this motion. *See id.* at Ex. J.

In the instant case, in the context of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, this court considered whether DaimlerChrysler stated sufficiently a Dragonetti claim. *See DaimlerChrysler Corp. v. Askinazi,* No. 99–5581, 2000 WL 876587, at *3–5 (E.D.Pa. June 29, 2000). The court found that "Pennsylvania law dictates that the Order of October 20, 1999, terminated not only the class representative's individual claims against DaimlerChrysler but also the class claims of DaimlerChrysler vehicle owners against DaimlerChrysler." *Id.* at *4. The court, not made aware of the First Amended Complaint filed in *Lipscomb* on December 6, 1999, did not decide conclusively whether the October 20, 1999 Order addressed the issue whether the conspiracy count claim was likewise dismissed against DaimlerChrysler. *See id.* at *5. The court reasoned that discovery or a further order by the Philadelphia Court of Common pleas might clarify that issue.

## II. *Standard of Review*

Either party to a lawsuit may file a motion for summary judgment, and it will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the movant bears the burden of persuasion at trial, the movant satisfies this initial burden by "identifying [the evidence] which it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. Where the nonmovant bears the burden of persuasion at trial, the moving party may meet its initial burden and shift the burden of production to the nonmoving party "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. Thus, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

When a court evaluates a motion for summary judgment, "[t]he evidence of the non-movant is to be believed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* At the same time, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.,* 914 F.2d 360, 382 n. 12 (3d Cir.1990). The nonmovant must show more than "[t]he mere exis-

tence of a scintilla of evidence" for elements on which he bears the burden of production. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

### III. *Discussion*

■ Pennsylvania has codified the tort of malicious use of process at 42 Pa. C.S. §§ 8351–8354 ("Dragonetti Act"). In order to recover under this statutory cause for wrongful use of civil proceedings, "three essential elements must be proved: '(1) that the underlying proceedings terminated favorably to the [plaintiff]; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) malice.'" *Shaffer v. Stewart*, 326 Pa.Super. 135, 473 A.2d 1017, 1020 (1984) (citation omitted). Moreover, in construing the provisions of the Dragonetti Act, Pennsylvania follows the Restatement (Second) of Torts §§ 673, 674 (1977). *See Dravo Corp. v. Ioli*, 401 Pa.Super. 124, 584 A.2d 1011, 1013 (1991) (citing Restatement (Torts) § 673, comment d); *Georgiana v. United Mine Workers of Am.*, 392 Pa.Super. 58, 572 A.2d 232, 234 (1990) (Pennsylvania's wrongful use of civil proceedings statute is in conformity with the Restatement (Second) of Torts § 674) (citations omitted); *Shaffer*, 473 A.2d at 1020 (same). In the context of a motion for summary judgment on the issue of favorable termination, the Supreme Court of Pennsylvania has advised:

'[U]pon the issue [ ] of favorable termination ... the jury has only the function of finding the circumstances under which the defendant acted. The court determines whether, under those circumstances, the termination was sufficiently favorable to the accused.... Where there is no conflict in the testimony as to what the circumstances were, the court has no need for a finding of the jury. The jury is not called upon to act unless there is a conflict in the testimony which presents an issue for its determination.'

*Miller v. Pennsylvania R. Co.*, 371 Pa. 308, 89 A.2d 809, 815–16 (1952) (construing the tort of malicious use of process and citing the Restatement (Second) of Torts § 673, comment d); *see also Dravo Corp.*, 584 A.2d at 1013 (following *Miller v. Pennsylvania R. Co.* in determining whether summary judgment should have been granted on the favorable termination element of a Dragonetti claim).

■ The issue presented by the instant motions is whether the class action proceeding was terminated in favor of DaimlerChrysler. DaimlerChrysler argues that it was. First, plaintiff asserts that because the court has already ruled correctly on the favorable termination element, the law of the case doctrine requires that absent unusual circumstances, the issue should not be relitigated. Second, DaimlerChrysler argues that in any event, the *Lipscomb* case was terminated in its favor because the court entered a non-appealable order to dismiss the complaint against DaimlerChrysler with prejudice. Third, DaimlerChrysler maintains that because the *Lipscomb* plaintiff voluntarily withdrew the class action complaint against it, the state court's order was not appealable and accordingly, not subject to Pennsylvania Rule of Appellate Procedure 341(b), (c) discussed below.

Conversely, defendants assert that because the October 20, 1999 order did not dispose of all claims of all parties, it is subject to eventual appeal to the Superior

Court of Pennsylvania and consequently does not constitute a termination in favor of DaimlerChrysler. In support of this argument, defendants cite Pennsylvania Rule of Appellate Procedure 341(b), (c) which provides that "[g]enerally, an order is not final for purposes of an appeal unless the order dismisses all claims against all parties, is defined as final by statute, or includes an express determination that an immediate appeal will facilitate resolution of the entire case." *Kuhn v. Chambersburg Hosp.*, 1999 PA Super 246, 739 A.2d 198, 199 (1999).

I note at the outset that the court has already examined the sufficiency of plaintiff's Dragonetti claim. *See DaimlerChrysler*, 2000 WL 876587, at *3–5. The court, however, ruled only that plaintiff had stated adequately a cause of action. It did not rule that any of the three requisite elements had been proven as a matter of law. Just because plaintiff has stated a claim upon which relief may be granted, it does not follow that plaintiff has stated a successful claim. As such, plaintiff's "law of the case doctrine" argument is somewhat misplaced. *See generally Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165–170 (3d. Cir.1982). Moreover, the precise termination issue previously before the court was whether the October 20, 1999 order dismissed only the class representative's individual claims against DaimlerChrysler and not the class claims. The court, today, addresses an entirely new termination issue: whether the October 20, 1999 order is subject to eventual appeal pursuant to Pennsylvania Rule of Appellate Procedure 341(b), (c). Nevertheless, because the court has not been convinced that its prior reasoning and/or

determinations were erroneous, the June 29, 2000 memorandum and order will serve to inform the instant inquiry. Indeed, many of the facts underlying that analysis are now both part of the record and undisputed. The court will now conclude as a matter of law that the *Lipscomb* claims (excluding for the moment the conspiracy claim which will be addressed separately) were terminated in favor of DaimlerChrysler for purposes of a Dragonetti claim by the state court's October 20, 1999 order.[1]

Defendants argue that the Supreme Court of Pennsylvania has held specifically that a Dragonetti Act cause of action does not accrue until the possibility of appeal no longer exists. *See Ludmer v. Nernberg*, 520 Pa. 218, 553 A.2d 924, 926 (1989). Further, defendants assert that pursuant to Pa. R.App. P. 341(b)(c), the October 20, 1999 order may still be appealed because it did not dismiss all claims against all parties. Accordingly, defendants submit that final termination cannot be found in this case. DaimlerChrysler answers that the October 20, 1999 order is not appealable because defendants failed to object on October 20, 1999 to the motion to dismiss the *Lipscomb* action against DaimlerChrysler with prejudice. Moreover, DaimlerChrysler submits that Pa. R.App. P. 341 is inapplicable because it merely defines what constitutes a final order for purposes of determining when an appeal can be filed as of right.

Under ordinary circumstances, the Supreme Court of Pennsylvania's decision in *Ludmer* might be applicable to the October 20, 1999 order in question. As such, Pa. R.App. P. 341 necessarily would apply, precluding a finding of termination in favor of DaimlerChrysler. The instant case,

---

1. The court has already determined that the October 20, 1999 order terminated both the class representative and class claims against DaimlerChrysler. As such, the following discussion will address only the issue before it today: whether the state court's order is subject to eventual appeal.

however, is distinguishable. At the October 20, 1999 state court hearing, the *Lipscomb* plaintiff requested leave to file an amended complaint applicable only to General Motors and possibly to Saturn. Plaintiff, however, also stated that "I want to make it clear that the conspiracy issue has not been ruled upon by Your Honor." DaimlerChrysler Corp.'s App. of Exs. to Mot. for Summ. J. at Ex. F. The state court granted this request and plaintiff filed an amended complaint on December 6, 1999. That amended complaint brought claims only against General Motors.

It is clear from these facts that the class action plaintiff voluntarily abandoned or withdrew his claims against DaimlerChrysler.[2] Pennsylvania appellate courts have concluded that such a voluntary dismissal or abandonment of a civil claim could support a cause of action under the Dragonetti Act. *See, e.g., Bannar v. Miller*, 701 A.2d 242, 247–48 (Pa.Super.1997) (finding that a last-minute voluntary dismissal in the face of imminent defeat constituted a favorable termination for the purposes of a Dragonetti claim); *Shaffer*, 473 A.2d at 1020–21 (finding favorable termination where plaintiff's counsel knew that the persons on whose behalf he filed a caveat to contest the probate of the decedent's will had no standing and subsequently agreed voluntarily to the dismissal of those claims); *see*

*also Sports Int'l Ltd. v. Obermayer, Rebmann, Maxwell & Hippel*, No. 95–1331, 1996 WL 50632, at * 3 (E.D.Pa. Feb.1, 1996) (noting instances where Pennsylvania appellate courts had concluded that a voluntary dismissal or settlement of a civil action could support a Dragonetti claim). Accordingly, Pa. R.App. P. 341 is inapplicable, the October 20, 1999 order is not appealable, and the *Lipscomb* claims were terminated in favor of DaimlerChrysler by virtue of that order.[3] The amended complaint filed later against General Motors only lends additional force to this conclusion.

■ Based upon the record submitted to date, however, it is unclear whether the October 20, 1999 *Lipscomb* order also terminated the conspiracy claim in favor of DaimlerChrysler. In fact, it appears from the transcript of the state court hearing that the judge may not have ruled on that issue. *See* DaimlerChrysler Corp.'s App. of Exs. to Mot. for Summ. J., Ex. F, at 6 ("I am not ruling on that particular issue at the moment and it could be raised at a subsequent time."). In any event, because reasonable minds may differ regarding the interpretation of the hearing in conjunction with the order actually issued by the state court, summary judgment regarding termination of the conspiracy count cannot be granted on the basis of this order alone.

**2.** Additionally, as DaimlerChrysler points out, it is possible to infer from the record in this case that defendants have admitted to the dismissal and abandonment of the *Lipscomb* claims against DaimlerChrysler. For example, in G & L's memorandum in support of its motion to compel DaimlerChrysler to answer interrogatories and requests for admissions (Doc. No. 53), G & L asserted that DaimlerChrysler's dismissal in the *Lipscomb* case "was by agreement of the parties and based largely on G & L's desire to accommodate Judge Levin's concerns...." *See* Doc. No. 53 at 5. Second, the *Lipscomb* plaintiff's motion for the state court to reconsider the October 20, 1999 order characterized DaimlerChrys-

ler's dismissal from those proceedings as an option chosen by plaintiff "to accommodate the Court's concerns about docket control and case management." *See* DaimlerChrysler Corp.'s App. of Exs. to Mot. for Summ. J., Ex. I (*Lipscomb* Mot. for Recons., Ex. D at 4); *see also id.* (*Lipscomb* Mot. for Recons. at ¶ 25); *id.* (*Lipscomb* Mot. for Recons. Ex. C at 3).

**3.** The state court's denial of the *Lipscomb* plaintiff's motion to reconsider the dismissal of DaimlerChrysler from that action is inapposite to this analysis as it also is not appealable.

■ It is also undisputed, however, that after the issuance of the October 20, 1999 order, the *Lipscomb* plaintiff filed an amended complaint that did not include the conspiracy claim at all. It is axiomatic that an amended complaint supercedes any prior complaints. *See, e.g., Skelton v. Lower Merion Township,* 318 Pa. 356, 178 A. 387, 388 (1935) (stating that amended statement of claims virtually withdraws first statement); Pa. R. Civ. P. § 1033:10 (amended pleading takes place of original in framing issues). Pennsylvania appellate courts have also concluded that such a voluntary dismissal or abandonment of a civil claim could support a cause of action under the Dragonetti Act. *See, e.g., Bannar,* 701 A.2d at 247–48; *Shaffer,* 473 A.2d at 1020–21; *see also Sports Int'l Ltd.,* 1996 WL 50632, at * 3.

Moreover, the highest court in at least one other state has examined the issue whether the filing of an amended complaint that did not include claims against the malicious prosecution plaintiffs amounted to a favorable termination so as to commence the running of the statute of limitation for malicious prosecution. *See Christian v. Lapidus,* 833 S.W.2d 71, 72–73 (Tenn.1992) (citing the Federal Rules of Civil Procedure and finding that an amended complaint supersedes the original complaint, unless the amended complaint specifically refers to or adopts the original). That court concluded that the scenario did establish favorable termination, so long as the abandonment was not accompanied by a compromise or settlement. *See id.* at 74. Because that state's malicious prosecution statute sets forth the same three elements as the Pennsylvania statute and because that state also follows the Restatement (Second) of Torts to inform application of the statute, I am persuaded that the Supreme Court of Pennsylvania would likewise rule that the abandonment of a claim in an amended complaint constitutes a termination in favor of that defendant. *See id.* at 73–74 (stating three essential malicious prosecution elements and citing Restatement (Second) of Torts). Accordingly, I will find as a matter of law that the *Lipscomb* conspiracy claim terminated in favor of DaimlerChrysler upon the filing of the amended complaint.

For the foregoing reasons, summary judgment on the issue of termination will be entered in favor of DaimlerChrysler and defendants' motion for judgment on the pleadings will be denied.