J-A14039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VALERI TSULADZE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB RODRIGUEZ, QI C. HUANG, | : | No. 1599 EDA 2024 |
| GIANNA VARONA, APRIL VARONA, | : | |
| JOHN DOE 1, JOHN DOE 2, JOHN | : | |
| DOE 3 | : | |

Appeal from the Judgment Entered August 12, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210802848

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 18, 2025**

The plaintiff, Valeri Tsuladze ("Plaintiff"), appeals *pro se* from the judgment entered in the Court of Common Pleas of Philadelphia County, following an arbitration decision in his personal injury action. Plaintiff challenges the trial court's order granting summary judgment[1] in favor of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Plaintiff's notice of appeal purports to appeal from the February 27, 2024 order granting summary judgment. However, an appeal "properly lies from a judgment entered subsequent to the trial court's disposition of any summary judgment motions or post-trial motions." ***Thomas Rigging & Constr. Co. v. Contraves, Inc.***, 798 A.2d 753, 755 n.1 (Pa. Super. 2002); ***see also Franciscus v. Sevdik***, 135 A.3d 1092, 1093 n.1 (Pa. Super. 2016) ("[The appellants] purport to appeal from the order granting summary judgment in favor of the [] defendant [appellees]. This appeal properly lies from the final
*(Footnote Continued Next Page)*

defendant Qi Chai Huang ("Defendant"). Additionally, Defendant has filed an application to quash Plaintiff's appeal in this Court.[2] We affirm the judgment in favor of Defendant and against Plaintiff and deny the application to quash.

The trial court set forth the facts of this case as follows:

> Plaintiff [] initiated an action alleging negligence of owners or possessors of real property against[, *inter alia*,] Defendant [] on August 31, 2021. This action stems from a dog bite incident which occurred on or about February 17, 2021[,] at [a property on the 1700 block of] Walker Street, Philadelphia, [Pennsylvania] (hereinafter, "Property"). On the above date, Plaintiff claims he was attacked by a dangerous dog while working as [a] delivery driver at the Property. On the date of the incident, Defendant was leasing the [P]roperty to tenants Jacob Rodriguez, Gianna Varona, April Varona, and/or John Does (1-3) (hereinafter, "Co-Defendants"). At least one of the Co-Defendants is the owner of and/or responsible person for the subject dog. Co-Defendants signed a lease agreement [which incorporated] the [r]ules and [r]egulations [a]greement for the Property. The agreement explicitly prohibits tenants from keeping pets on the Property.
>
> Defendant [] does not speak English[] and therefore had her children maintain the Property. Defendant's children had no knowledge of any dog on the Property. Defendant first learned of the incident with the dog upon receipt of correspondence from Plaintiff's former counsel. [. . .]

_____

judgment disposing of all issues as to all parties[.]"). We have amended the caption accordingly.

[2] Defendant's application to quash is based on Plaintiff's failure to file both proof of service of his notice of appeal, *see* Pa.R.A.P. 906, and reproduced record. *See* Pa.R.A.P. 2154; *see also* Application to Quash, 2/4/25. As Plaintiff has since served both documents on Defendant, and Defendant has failed to establish prejudice, we deny the application to quash. *See R.L. v. M.A.*, 209 A.3d 391, 394 n.2 (Pa. Super. 2019) (where appellant's procedural misstep does not prejudice other parties and does not impede our review, quashal for noncompliance unnecessary); *see also Coffman v. Kline*, 167 A.3d 772, 776 (Pa. Super. 2017), *appeal denied*, 182 A.3d 433 (Pa. 2018).

Trial Court Opinion, 8/6/24, at 1-2 (citations omitted).[3]

After Plaintiff filed his complaint on January 16, 2024, Defendant filed a motion for summary judgment seeking to dismiss Plaintiff's claims of negligence based on Plaintiff's failure to establish Defendant's actual knowledge of the dog. Critically, Plaintiff did not file a written response in opposition to Defendant's motion.

On February 28, 2024, the trial court granted summary judgment for Defendant and provided notice under Pennsylvania Rule of Civil Procedure 236 on that date. On May 16, 2024, the court assessed damages jointly and severally against the remaining defendants following grant of a judgment of *non pros*. Plaintiff appealed on June 6, 2024. After this Court issued a rule to show cause as to why the appeal should not be dismissed because it is interlocutory, Plaintiff praeciped the trial court to enter judgment on August 12, 2024, and we thereafter discharged our rule, subject to this merits panel's decision to ultimately address the appealability on the merits. **See** Order, 8/20/24.

After our merits review, because the trial court entered final judgment on August 12, 2024, we conclude that Plaintiff's notice of appeal relates forward to that date. **See Barrett v. M&B Med. Billing, Inc.**, 291 A.3d 371, 374 n.3 (Pa. Super. 2022) ("final judgment entered during the pendency of

_____

[3] The trial court opinion is dated August 2, 2024, but was docketed on August 6, 2025.

appeal is sufficient to perfect appellate jurisdiction"); *see also* Pa.R.A.P. 905(a)(5) (stating that notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on day thereof). Therefore, we may consider the instant appeal challenging the court's grant of summary judgment. *See Rohm & Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010) ("Once an appeal is filed from a final order, all prior interlocutory orders become reviewable.") (citation omitted).

On appeal,[4] Plaintiff presents the following questions for our review:

1. Is [Plaintiff]'s appeal timely, given that [he] did not receive notice of the February 2[8], 2024, order until May 16, 2024?

2. Does the trial court's failure to notify [Plaintiff] of the summary judgment order in favor of [Defendant] violate [his] due process rights?

3. Did the trial court improperly grant summary judgment in favor of [Defendant] by finding that the landlord had no duty of care, despite the fact that [Defendant] may have known [of the presence of the] dangerous dog on the [P]roperty and failed to take appropriate action?

4. Shall [Defendant] be held to have constructive knowledge of the dangerous dog on her [P]roperty through her agents, her children, who were managing the [P]roperty on her behalf?

5. Did [Defendant]'s failure to enforce the ["]no-pet["] provision of the lease constitute negligence, making her liable for [Plaintiff]'s injuries?

---

[4] Although no concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925 appears in the record, the trial court identified Plaintiff's issue on appeal as "Whether [the trial court] erred in entering summary judgment for Defendant[?]" Trial Court Opinion, 8/6/25, at 2. Nevertheless, contrary to the trial court's representations, it neither appears the trial court ordered Plaintiff to file such a statement nor that Plaintiff filed one.

Appellant's Brief at 7-8.[5]

In his first issue, Plaintiff correctly observes that this Court must initially discern whether he timely filed his notice of appeal. **See Affordable Outdoor, LLC v. Tri-Outdoor, Inc.**, 210 A.3d 270, 274 (Pa. Super. 2019) ("timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case") (citation and quotation marks omitted); **see also B.A.B. v. J.J.B.**, 166 A.3d 395, 400 n.9 (Pa. Super. 2017) (appellate court may *sua sponte* question appealability of order as it implicates jurisdiction); **Morningstar v. Hoban**, 819 A.2d 1191, 1196 (Pa. Super. 2003) (this Court may *sua sponte* raise issue of timeliness of appeal).

Generally, an appellant must file a notice of appeal within thirty days from the grant of summary judgment, or we must quash the appeal. **See Cresswell v. Nat'l Mut. Cas. Ins. Co.**, 820 A.2d 172, 181 (Pa. Super. 2003) (citing Pa.R.A.P. 1113(a)); **see also** Pa.R.A.P. 903(a). Insofar as other parties remained as defendants in Plaintiff's action when the court granted summary judgment in Defendant's favor, this Court has held that "an order granting summary judgment in favor of one defendant[, leaving remaining defendants,] is not a final appealable order as of right[,]" and is therefore

---

[5] The argument portion of Plaintiff's appellate brief is divided under six headings, entitled: (1) "Timeliness of Appeal"; (2) "Appellant Intention"; (3) "Improper Granting of Summary Judgment in Favor of [Defendant]"; (4) "The Landlord's Duty of Care"; (5) "Knew or [S]hould [H]ave [K]nown"; and (6) "The injustice of the Outcome," despite raising only five issues on appeal, in violation of our appellate rules. **See** Pa.R.A.P. 2119(a).

interlocutory. ***Kuhn v. Chambersburg Hosp.***, 739 A.2d 198, 199 (Pa. Super. 1999); ***see also*** Pa.R.A.P. 341(c) ("any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order"); ***see also B.K. v. Chambersburg Hosp.***, 834 A.2d 1178, 1180-81 (Pa. Super. 2003) (where trial court granted summary judgment as to one defendant prior to trial and case proceeded to trial against other defendant, plaintiff not required to file notice of appeal or post-trial motions objecting to summary judgment order to preserve challenge to summary judgment on appeal). We conclude that Plaintiff's appeal from the final judgment entered is sufficient for us to review the prior summary judgment order in favor of Defendant. ***See K.H. v. J.R.***, 826 A.2d 863, 871 (Pa. 2003) ("where each of the defendants in a single action is dismissed prior to trial, an appeal from the order dismissing the remaining claim or party is sufficient to bring for review the earlier issued orders").[6] Thus, Plaintiff's appeal is properly before us. ***See***

_____

[6] ***But see Shaffer v. Pennsylvania Assigned Claims Plan Ins. Co.***, 518 A.2d 1213, 1217 (Pa. Super. 1986) (quashing appeal where portion of trial court order granted one of many defendants summary judgment thereby terminating litigation against that defendant, rendering such order final and appealable, and notice of appeal filed beyond thirty-day period); ***Rossi v. Pennsylvania State University***, 489 A.2d 828, 830-31 (Pa. Super. 1985) (order granting summary judgments as to some defendants in multiple-defendant suit is final, appealable order as to those defendants released from litigation). We note that although "[i]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, [a recognized] except[ion exists] in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." ***Halpern v. Ricoh U.S.A., Inc.***, 299 A.3d 1023, 1029 n.5 (Pa. Super. 2023). As we follow our Supreme Court's intervening decision in ***K.H.*** on this point of
*(Footnote Continued Next Page)*

**K.H.**, 826 A.2d at 871; **see also B.K.**, 834 A.2d at 1180-81; **see also Franciscus**, 135 A.3d at 1093 n.1. Accordingly, we may reach the merits of Plaintiff's appeal.

Next, we address Plaintiff's remaining issues together. Plaintiff claims that, in granting summary judgment, the trial court's finding that Defendant had no duty of care misapplied the law because the trial court should have found that Defendant had constructive knowledge of the dog at the Property. **See** Appellant's Brief at 13, 19-21. Plaintiff asserts that the Defendant's lease agreement for the Property included a "no-pets" clause; as such, Defendant's failure to enforce that provision breached her duty. **See id.** at 20-23. Further, relying on **Goldberg v. Kelly**, 397 U.S. 254 (1970), and **Mullane v. Central Hanover Bank & Trust Co.**, 339 U.S. 306 (1950), Plaintiff argues that the trial court's failure to notify him of the order granting summary judgment in Defendant's favor violated Plaintiff's rights to procedural due process. **See id.** at 17-18. Plaintiff is not entitled to relief.

Our standard of review for the trial court's grant of summary judgment is well-settled:

> An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de*

appealability, we are not bound by our decisions in **Shaffer** and **Rossi** to the extent those decisions might require quashal in this case.

*novo*. This means we need not defer to the determinations made by the trial court.

To the extent that an appellate court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Additionally,

in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. [**See**] Pa.R.C[iv].P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Albert v. Sheeley's Drug Store, Inc.**, 234 A.3d 820, 822 (Pa. Super. 2020) (some citations, quotation marks, brackets, and ellipsis omitted).

Preliminarily, we must determine whether Plaintiff's claim has been preserved for our review. This Court has addressed the issue of waiver in the context of a party opposing a motion for summary judgment as follows:

[Under] Rule 1035.3[7], the non-moving party bears a clear duty to respond to a motion for summary judgment. If the non-moving

_____

[7] Rule 1035.3 states:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the

*(Footnote Continued Next Page)*

party does not respond, the trial court may grant summary judgment on that basis. ***See*** Pa.R.C[iv].P. 1035.3(d). [. . .] Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal[,] it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter. The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider. [. . .]

***Harber Philadelphia Ctr. City Office v. LPCI***, 764 A.2d 1100, 1104-05 (Pa. Super. 2000) (citations and emphasis omitted); ***see also Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa. Super. 2004). This is consistent with Pennsylvania Rule of Appellate Procedure 302(a), which states that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

---

motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

\* \* \*

(d) Summary judgment may be entered against a party who does not respond.

Pa.R.Civ.P. 1035.3.

Instantly, Plaintiff did not file a response to Defendant's January 16, 2024 motion for summary judgment. Consequently, he has waived any issue relating thereto.[8] ***See Harber Philadelphia Ctr. City Office***, 764 A.2d at 1104-05; ***see also Devine***, 863 A.2d at 1169. Accordingly, Plaintiff is not entitled to relief. Therefore, we affirm the judgment entered in favor of Defendant and against Plaintiff.

_____

[8] Even if not waived, on the merits, Plaintiff does not dispute the material facts, only the trial court's application of law. As it relates to this case, this Court has established that in a cause of action against a landlord for injuries caused by a tenant's dog:

> it must be proven that the landlord owed a duty of care, that [she] breached that duty, and that the injuries were proximately caused by the breach. [. . .] However, a duty to use reasonable care will attach to prevent such injuries if the landlord has knowledge of a dangerous animal on the rented premises and if the landlord enjoyed the right to control or remove the animal by retaking the premises. [. . .]
>
> **Actual knowledge of a dog's dangerous propensities is required** before a duty is imposed upon a landlord to protect against or remove an animal housed on rental property.

***Rosenberry v. Evans***, 48 A.3d 1255, 1258-59 (Pa. Super. 2012) (citations omitted; emphasis added). Therefore, Plaintiff's claims regarding constructive knowledge are insufficient to impose liability on Defendant, as he has not established that genuine issue of material fact exists as to whether Defendant had actual knowledge of the dog on the Property.

Further, we observe that the record belies Plaintiff's claim that he did not receive notice of the court's grant of summary judgment where the February 28, 2024 grant of summary judgment docket entry specifies "NOTICE GIVEN UNDER RULE 236." **See** Trial Court Docket, 2/28/24 (emphasis in original); ***see also Scalla v. KWS, Inc.***, 240 A.3d 131, 137 (Pa. Super. 2020) (notation in trial court docket pursuant to Pa.R.Civ.P. 236 "sufficient to prove that the prothonotary sent notice either to an unrepresented party or to [party's] attorney of record").

Judgment affirmed. Application to quash denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2025