J-S27003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN CREDICO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA HUBIAK, JOSEPH | : | |
| CARPENTER, JAMES MILLIGAN, | : | |
| JAMES FITZGERALD | : | |
| | : | |
| Appellees | : | No. 3306 EDA 2016 |
| | : | |
| | : | |

Appeal from the Order Entered September 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 374 Sept. Term, 2016,
Control No. 16095053

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                     **FILED APRIL 21, 2017**

Appellant, Justin Credico, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his complaint as frivolous under Pa.R.C.P. 240(j)(1). We affirm.

The relevant facts and procedural history of this case are as follows. Appellant filed a *pro se* complaint on September 8, 2016, against four alleged Federal Bureau of Investigation agents: Appellees Joshua Hubiak, Joseph Carpenter, James Fitzgerald, and James Milligan. Appellant contemporaneously filed a Petition to Proceed *in forma pauperis* ("IFP"). Appellant's complaint states that the named government agents produced a

_____

*Retired Senior Judge assigned to the Superior Court.

series of complaints, warrants, and indictments against Appellant, which were "riddled with serious false facts, perversions of truth, misrepresentations, false depositions, malice, fabrications, and disregard for truth and veracity." Appellant's complaint initially states he is seeking damages under state tort law for due process violations, third party due process violations, and malicious prosecution. The body of the complaint, however, lists only an abuse of process claim. Appellant seeks $1,000,000.00 for each of three claims: abuse of process, third party abuse of process, and malicious prosecution. On September 12, 2016, the trial court dismissed Appellant's complaint as frivolous under Pa.R.C.P. 240(j)(1). Appellant timely filed a *pro se* notice of appeal on October 3, 2016. The court did not order a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issues for our review:

> WHETHER [APPELLANT'S] CLAIMS FOR ABUSE OF PROCESS, MALICIOUS PROSECUTION, AND [THIRD] PARTY DUE PROCESS VIOLATIONS, AS FILED, [ARE] FRIVOLOUS WITHIN THE MEANING OF LACKING AN ARGUABLE BASIS OF LAW OR OF FACT?
>
> WHETHER THE [TRIAL] COURT IS PERMITTED TO REVIEW [APPELLANT'S] [42 U.S.C.A.] § 1983 CLAIMS AS "FEDERAL EQUIVALENTS" OF AND [TREAT] THEM NOT AS [ONE] OF SECTION 1983, BUT AS BIVENS [CLAIMS]?

(Appellant's Brief at 4).

Orders which deny IFP status and dismiss companion complaints as frivolous are final and appealable. *Grant v. Blaine*, 582 Pa. 1, 868 A.2d

- 2 -

400 (2005); **Crosby Square Apartments v. Henson**, 666 A.2d 737 (Pa.Super. 1995). Rule 240 of the Pennsylvania Rules of Civil Procedure, in relevant part, provides:

> **Rule 240.  In Forma Pauperis**
>
> *     *     *
>
> (j)  If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue **or if it is satisfied that the action, proceeding or appeal is frivolous**.
>
>      *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact."  **Neitzke v. Williams**, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. 240(j) (emphasis added) and *Note*.  "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law."  **Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa.Super. 2004).

Additionally, we observe:

> Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim.  Pennsylvania Rule of Civil Procedure 1019 governs the content of pleadings as follows:

### Rule 1019. Contents of Pleadings. General and Specific Averments

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(b) Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally.

(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.

(d) In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.

(e) In pleading a judgment, order or decision of a domestic or foreign court, judicial or administrative tribunal, or board, commission or officer, it is sufficient to aver the judgment, order or decision without setting forth matter showing jurisdiction to render it.

(f) Averments of time, place and items of special damage shall be specifically stated.

(g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

*Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019. The rule specifically

require[s] the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged…. Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.

*Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa.Super. 2008) (some internal citations omitted).

After a thorough review of the record, Appellant's brief, the applicable law, and the reasoned opinion of the Honorable Idee C. Fox, we conclude Appellant's issues merit no relief. The trial court opinion systematically

discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 7, 2016, at 3-6) (finding: Appellant failed to allege in his complaint sufficient facts to establish cause of action for abuse of process, where he failed to assert relevant facts to support conclusion that Appellees used federal indictment for unlawful or unintended purpose or to accomplish purpose for which indictment process was not designed; likewise, Appellant did not allege sufficient facts to support compensable harm; Appellant's assertions that indictment affected his reputation and association with foreign countries are vague and unavailing; Pennsylvania does not recognize cause of action for third-party abuse of process, so to extent Appellant attempted to make claim for abuse of process on behalf of third parties, Appellant failed to establish his standing to do so; Appellant failed to allege facts to establish cause of action for malicious prosecution because he failed to explain in complaint what falsities Appellees allegedly produced in indictments; significantly, Appellant also failed to assert that Appellees did not have probable cause at time of indictment; further, Appellant's bald allegations of malice are conclusory; to extent Appellant attempted to make due process claim, Appellant offered no facts in complaint concerning how indictment implicated Appellant's constitutional rights; additionally, Appellant failed to allege in complaint any claim under 42 U.S.C.A. § 1983; Appellant's complaint has no arguable basis in law or fact, and is frivolous per Pa.R.C.P. 240(j)(1)). The record supports the trial

court's decision.[1]    Accordingly, we affirm on the basis of the trial court opinion.

     Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2017

---

[1] At the end of his brief, Appellant quickly asserts we should also consider his complaint under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971) (holding victims of constitutional violations by federal agents acting under color of federal authority have right to recover in federal court for damages; ***Bivens*** cause of action is federal analog to suit brought against state officials under 42 Pa.C.S.A. § 1983).  Appellant, however, did not establish a ***Bivens*** action in his complaint, where he failed to allege a fact-based claim for constitutional rights' violations or the lack of probable cause.  Thus, we decline this invitation.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **JUSTIN CREDICO** | : | **SEPTEMBER TERM, 2016** |
| | : | **NO. 374** |
| **v.** | : | |
| | : | **SUPERIOR COURT NO.** |
| | : | **3306 EDA 2016** |
| **JOSHUA HUBIAK et al.** | : | |

## O P I N I O N

Plaintiff Justin Credico, a *pro se* inmate, appeals this court's Order of September 12, 2016 which his Complaint on the basis that he failed to set forth a cause of action upon which relief could be granted, making the matter frivolous pursuant to Pa.R.C.P. 240(j)(1).

## FACTUAL and PROCEDURAL HISTORY

In September 2016, Plaintiff commenced this action by Complaint. The named Defendants are Joshua Hubiak, Joseph Carpenter, James Fitzgerald, and James Milligan. It is alleged that the Defendants work for the Federal Bureau of Investigation and the National Security Division. Plaintiff contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP"). The IFP Petition was assigned to this court. As is allowed under Pa.R.C.P. 240(j)(1), this court reviewed the IFP Petition and the Complaint. The "Facts on Complaint" section of the Complaint alleges the following:

1. On or about February 12th, 2014 the defendant agents for the United States produced a series of complaints warrants and indictments.

2. For purposes of this complaint it must be noted that these presentments to Magistrates, District Courts and Grand Jury are partially barred by the Heck v. Humphrey doctrine and partially not barred. To wit, the government agents, produced an initial complaint and probable cause riddled with serious false

Credico Vs Hubiak Etal-OPFLD



1609003740 0012

facts, perversions of truth, misrepresentations, false depositions, malice, fabrications, and disregard for truth and veracity.

3. Moreover, the government produced a 20+ page probable cause report and attempted to bring the same allegations as will be seen herein, before the grand jury. Additionally, the agent defendants for the United States procured the AUSA into proceeding forthwith upon the complaints, probable cause reports and grand jury indictments.

4. ... [T]he plaintiff will produce a portion of the absurdities discussed in #2 above:

> In more than 40 emails Justin has sent to the Philadelphia Division's Complaint emails address since January 2012, he has demanded money ranging from twenty-five thousand dollars up to one million dollars. He has stated that if he does not receive this money, various different consequences will result. For example, Justin has threatened to send computer viruses to foreign countries, specifically Russia, China, and Iran, so that they may use them against the United States; he has threatened to ruin the United States' reputation; he has threatened to enroll in an Iranian University and to send information to the group Anonymous to use against the United States; he has threatened to leave the United States to go to a terrorist country utilizing a fake passport; and he has threatened to attack Idaho National Laboratories and Siemens.

5. The remainder of the indictment must be challenged after outcome of the plaintiff's criminal proceedings.

6. ...For, everything that was referenced in #4 of this section WAS NOT SUSTAINED FOR PROBABLE CAUSE, AND WAS DENIED INDICTMENT BY GRAND JURY, thus, these defendants lost these allegations and the petitioner was victorious against those charges at the GRAND JURY stage of the criminal federal proceedings.

. . .

*See* Complaint.

The Complaint is unclear as to which causes of action are being pled. Initially, under a heading labeled "Complaint for Damages", the Complaint states "[t]his complaint seeks damages under STATE TORT LAW for violations of: a. due process

violations; b. 3rd party due process violations; c. malicious prosecution." The body of the Complaint contains only one count, "Claim I – ABUSE OF PROCESS". Plaintiff seeks a total of $3,000,000.00 in monetary damages and $1,000,000.00 for each of the three abuse of process, third party abuse of process, and malicious prosecution claims.

After a review of the Complaint, this court dismissed Plaintiff's action pursuant to Rule 240(j)(1). This appeal followed.

## **DISCUSSION**

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis,* the court prior to acting upon the petition may dismiss the action, proceeding or appeal...if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

A frivolous action is one that "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note (citation omitted). An action is frivolous under Pa.R.C.P. No. 240(j)(1), if, "on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.,* 979 A.2d 352, 354 (Pa.Super. 2009) (citation omitted).

Here, the Complaint was properly dismissed. First, as to the claim for abuse of process, "[t]he tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.' " *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 192 (1993)(quoting Restatement (Second) of Torts § 682). To establish an abuse of process claim, one must show that the defendant (1) used a legal process against the plaintiff, (2)

primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. *Id.* The tort of abuse of process occurs "when the legal process is utilized for some unlawful purpose, not one for which it was intended. In other words, it is a perversion of legal process.... A cause of action... requires '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...[;] there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' ". *Shaffer v. Stewart,* 326 Pa. Super. 135, 138–39, 473 A.2d 1017, 1019 (1984) (citations omitted).

Here, Plaintiff failed to allege sufficient facts to establish a cause of action for abuse of process. The Complaint does not allege facts to support the conclusion that the indictment was utilized for a purpose that was unlawful and for which it was not intended. Plaintiff therefore did not establish the second element, that the process was used to accomplish a purpose to which the process was not designed. Similarly, the Complaint fails to allege sufficient facts to support the third element of abuse of process, a compensable harm. Plaintiff only claims that his reputation and association with foreign nations have been affected by the allegations of the indictment set forth in ¶4 of the Complaint. However, these assertions of harm are vague and unavailing.

Further, Pennsylvania does not recognize a cause of action for "third-party abuse of process." To the extent Plaintiff is attempting to make a claim for abuse of process on behalf of any third party or parties, Plaintiff has not established standing to do so.

Plaintiff failed to state a cause of action for malicious prosecution. The elements of malicious prosecution are: (1) institution of proceedings against the plaintiff without probable cause and with malice, and (2) the proceedings were terminated in favor of the plaintiff. *Manley v. Fitzgerald*, 997 A.2d 1235 (Pa.Cmwlth. 2010). See also, *Kelley v. General Teamsters, Chauffeurs and Helpers, Local Union 249*, 518 Pa. 517 (1988); *Miller v. Pennsylvania R.R. Co.*, 371 Pa. 308, 313, 89 A.2d 809, 811 (1952). Absence of probable cause to bring proceedings against plaintiff is indispensable element of action for malicious prosecution, and is not conclusively established by adjudication of innocence in underlying proceedings. *Turano v. Hunt*, 631 A.2d 822, 825 (Pa.Cmwlth. 1993). Probable cause is "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." *Miller, supra at* 811–12.

Here, Plaintiff has failed to allege facts to establish the elements of malicious prosecution. The core of Plaintiff's factual allegation is the notion that "the government agents produced an initial complaint and probable cause riddled with serious false facts, perversions of truth, misrepresentations, false depositions, malice, fabrications, and disregard for truth and veracity." *See* Complaint, ¶2. However, at no point in the Complaint does the Plaintiff explain what these falsities might consist of. While the Complaint attempts to explain away the facts alleged in the indictment, Plaintiff failed to allege that Defendants did not have probable cause at the time the indictment was filed. Further, Plaintiff's allegations of malice are conclusory in nature and no facts are alleged to support this assertion. As Plaintiff failed to set forth sufficient facts to

support necessary elements of the cause of action for malicious prosecution, the Complaint failed to state a claim upon which relief could be granted.

Finally, to the extent Plaintiff made any due process claim, Plaintiff offered no facts as to how any constitutional rights have been implicated. The Complaint also fails to allege any claim pursuant to 42 U.S.C. §1983.

For the reasons set forth above, the factual matters alleged in Plaintiff's Complaint do not give rise to a plausible claim against Defendants. Plaintiff's action has no arguable basis in law or fact and the trial court properly dismissed the Complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1). The appeal of this court's September 12, 2016 Order should therefore be dismissed.

BY THE COURT:

IDEE C. FOX, J.

Date: 12/7/17